## WILLIAMS vs. THE STATE.

[INDICTMENT FOR MURDER.]

1. *Change of venue; certificate of clerk, what must be certified.*—In a change of venue of a criminal case, the certificate attached to the transcript of the proceedings in the court from which the cause is removed, must show in what court the matters certified occurred, and be authenticated under the hand of the clerk and the seal of the court. If there be no seal, it must be so stated, and the connection of the clerk with the court must be otherwise represented.

2. *Arrest of judgment; what not ground for.*—The separation of the jury, after the cause is submitted to them, is ground for a new trial, but not for arrest of judgment.

3. *Service of list of jurors, &c.; what is mere irregularity.*—The service upon a prisoner of a list of jurors, containing one less than the number ordered by the court to be summoned, but more than the least number required by section 4173 Revised Code, is a mere irregularity, waived, unless objected to in the court below.

APPEAL from the Circuit Court of Lauderdale.
Tried before Hon. JAMES S. CLARK.

The facts upon which the decision is based are sufficiently set forth in the opinion.

Neither the record nor docket gives the name of appellant's attorney.

The Attorney General appeared for the State.

[No briefs reached the Reporter.]

B. F. SAFFOLD, J.—The appellant was convicted of murder in the first degree, and sentenced to imprisonment in the penitentiary for life.

The venue having been changed from Colbert county to Lauderdale, he objected, on the trial, to the introduction in evidence of the transcript of the proceedings in Colbert circuit court, on the ground that it was not properly authenticated.

The certificate attached does not recite that the proceedings certified occurred in the circuit court of Colbert county, or in any court except so far as the matters enumerated pertain to some court. It is signed, "Witness my hand this, 12th day of October, 1871, S. N. L. McClusky, clerk." Section 4209, Revised Code, referring to criminal cases, simply requires the clerk to attach his certificate to the transcript. But section 2766 of the Revised Code, directs the certificate, in civil cases, to be under the hand of the clerk and the seal of the court.

In *Collier v. The State*, 2 Stew. 388, the certificate was regarded as sufficient, though under the hand of the clerk only, it appearing that he had no seal. But the point in that case was the power of the clerk to make a certificate out of his county. In *King v. Hare*, 13 East, 189, an affidavit, sworn before " Charles Hayward, a commissioner, &c.," without stating that he was a commissioner, *in this court*, was rejected, while one sworn in court, and another before Justice Bayley, were admitted.

As the transcript is nothing without a proper authentication, we can not look to it in aid of the defects of the certificate. Each court will notice who are its officers, but not who are the officers of the other courts.—1 Phil. Ev. 622. The certificate is fatally defective in not stating that the proceedings certified were those of the circuit court of Colbert county, and that the officer certifying was clerk of that court. If he had no seal of office, he should have so stated.

The separation of the jury, after the cause was submitted to them, and before verdict rendered, is not a ground of arrest of judgment.—*Coker v. The State*, present term.

The objection that the list of jurors served on the prisoner, contained the names of ninety-nine persons only, though the order of the court directed the sheriff to summon one hundred, can not be sustained. § 4173, Revised Code, requires the summoning of not less than fifty nor more than one hundred persons, including the regular jurors for the week. As it was the province of the court

to decide whether there should be more than fifty or not, and the omission of one out of the number ordered was not the act of the court, but the irregular discharge of his duty by the sheriff, the defendant's failure to make the objection at the trial must be considered a waiver of irreg-.ularity.

　　The judgment is reversed and the cause remanded.