# Robbins v. The State.

*Indictment for Assault with Intent to murder.*

*Separation of petit jury.* — The separation of the jury charged with the trial of a criminal case, pending the trial, is within the discretion of the primary court, and, if not objected to by the prisoner, is not revisable on error.

FROM the Quarter Sessions Court of Wilcox.

Tried before the Hon. T. W. PRICE.

The prisoner in this case was indicted for an assault on Edmund Sellers, with intent to murder him, and pleaded not guilty to the indictment. Pending the trial, as the bill of exceptions states, " after the evidence was gone into, and after two witnesses had testified in the case, the court adjourned for dinner, and dispersed the jury, with the remark to them, ' that they must not talk about the case,' without anything being said by the State or the defendant. When the court convened again after dinner, the defendant objected to being again put in jeopardy for the same offence ; which objection the court overruled, and the defendant excepted."

There is no assignment of errors, and no attorney's name on the docket as counsel for the prisoner.

BEN. GARDNER, Attorney General, for the State.

[Hill *v.* State.]

BRICKELL, J. — The separation of the jury, the prisoner not objecting, was a matter within the discretion of the court, and cannot be made the subject of revision on error. If it was irregular, or if any injury to the accused resulted from it, it is matter on which to ground an application for a new trial. We concur in all that is said on this point by Chief Justice PECK, in the case of *Williams* v. *The State*, 45 Ala. 57. It is the safer practice, especially in cases of felonies, not to permit the jury to depart the presence of the court, even on an adjournment, unless attended by a sworn officer, and not to permit them to separate even then.

Let the judgment of the court below be affirmed.

