# Butler *v.* The State.

*Indictment for Murder.*

1. *New trial; refusal not revisable.*—By the uniform decisions of this court since its first organization, the granting or refusal of a new trial rests in the sound discretion of the primary court, and is not revisable on error or appeal.

2. *Same; separation of jurors, or other misconduct.*—In appellate courts which reverse judgments or orders refusing a new trial, the safer and sounder rule seems to be, that a new trial is not granted as a matter of course, merely because the jurors were not kept under the eye of an officer from the beginning to the end of the trial, but that such irregularity makes out a *prima facie* case for a new trial, and casts on the prosecution the *onus* of showing affirmatively that the jurors were not tampered with; and that being affirmatively shown, a new trial should not be granted.

From the Circuit Court of Lauderdale.
Tried before the Hon. H. C. Speake.

No counsel appeared in this court for the appellant, so far as the record and the dockets show; and there is no brief on file.

H. C. Tompkins, Attorney-General, for the State.

STONE, J.—No questions were raised in this case, until af-

[Butler v. The State.]

ter the jury had returned a verdict of guilty. A motion was made for a new trial, which was overruled ; and to the ruling of the court refusing a new trial, the prisoner reserved exceptions. The rulings of this court, from its very origin, have been unbroken, that error can not be assigned on the refusal of a primary court to grant a new trial. This, we have held, is a matter resting in the sound discretion of the judge who hears the evidence, and presides over the trial.—*Franklin v. The State*, 29 Ala. 14; *Tyree v. Parham*, 66 Ala. 424; 2 Brick. Dig. 276, § 1.

The objection urged in this case for a new trial is, that during an adjournment, pending the trial, one or more of the impanelled jurors was permitted to absent himself from the body of the jury, unattended by an officer. It is not shown that these jurors conversed with any person, or were conversed with, while they were so absent from their fellows. The implications from the bill of exceptions are, that such was not the case. The mere fact that jurors, pending a trial for felony, are not kept together in the care of an officer, is not necessarily ground for a new trial. In appellate courts which entertain jurisdiction on appeal from orders overruling such motions, a new trial is not a matter of course, from the mere fact that the jury had not been, all the while, kept together under the eye of the officer. Some courts hold that, *prima facie*, such irregularity calls for a new trial, and the *onus* is on the prosecution to show affirmatively that the jury had not been tampered with. Possibly, this is the safer and sounder rule. The inquiry is easily made, and a proper investigation had, in the court trying the cause. If any of the jurors have been conversed with, on questions affecting the prisoner's guilt; or, if other influences have been exerted, which may have biased their deliberations, a new trial should be granted. On the other hand, if there be an entire negation of such interference, there is no ground for setting aside the verdict.— *Williams v. The State*, 45 Ala. 57 ; *Morgan v. The State*, 48 Ala. 65 ; *Williams v. The State, Ib.* 85 ; 1 Bish. Cr. Proc. §§ 993, 999, and note 4.

What we have said above is merely suggestive of the duty of primary jurisdictions, in such conditions. We have no authority to revise such judicial action.

The judgment of the Circuit Court is affirmed.