(96 South. 187)

## DAVIS v. STATE. (6 Div. 731.)

(Supreme Court of Alabama. April 5, 1923. Rehearing Denied May 10, 1923.)

**1. Criminal law ⚍1112 — Case considered on bill of exceptions certified by judge, where evidence does not sustain bill defendant seeks to establish.**

Where the weight of the evidence, submitted by defendant in support of his motion to establish a bill of exceptions different from that signed by the presiding judge, and which appears in the transcript certified by the clerk of the court, does not sustain in all respects the bill defendant seeks to establish, the motion must be overruled.

**2. Criminal law ⚍956(12) — Burden on prosecution to show separation of jury did not result in abuse.**

Where the solicitor for the state and defendant's counsel entered into an agreement whereby the jury were allowed to separate over night, the burden of proving that no abuse resulted from the separation rested upon the prosecution on defendant's motion for new trial.

**3. Criminal law ⚍956(13) — State held to sustain burden of showing separation of jury without prejudice.**

Evidence by the prosecution on motion for new trial by defendant, consisting of deposition or testimony of all twelve jurors that they had no communication whatever with any person concerning the case and had seen no statement in the newspapers touching the case, held to sustain the burden on the state of showing that separation of the jury resulted in no prejudice.

**4. Criminal law ⚍723(5) — Argument of counsel for prosecution held not an array of race against race.**

Statement by prosecutor in argument that no doubt defendant's brutal instincts, as shown by his savage deed in taking the life of deceased, had come down to him from his ancestors in the jungles of Africa, was not objectionable as an array of race against race.

**5. Criminal law ⚍789(12) — Requested charge as to reasonable doubt held mere argument.**

In homicide case, requested charge that, before the jury could convict the defendant, they must be satisfied to a moral certainty, not only that the proof was consistent with his guilt, but that it was wholly inconsistent with every other rational conclusion, and, unless the jury were so convinced by the evidence of defendant's guilt that they would each venture to act upon that decision in matters of the highest concern and importance to his own interest, then they must find the defendant not guilty, was properly refused as mere argument.

**6. Homicide ⚍304 — Charges as to accidental killing held properly refused.**

Charges in homicide case predicating an acquittal on a finding that defendant, engaged in the performance of a lawful act, shot deceased without intention, or on a finding that the shooting was accidental, without more, were properly refused, where defendant's contention was that deceased, his wife, had attempted to take from his hands the weapon he had carried to the scene and that, in the struggle and scuffle that ensued, the weapon was accidentally discharged, the jury being authorized to convict him of impropriety or negligence therein which might render him guilty of involuntary manslaughter.

**7. Homicide ⚍308(6) — Instruction held misleading; "formed design to take life."**

The phrase, "formed design to take life," does not necessarily connote all the elements of murder in the first degree, the character of the offense being determined by the elements which called the "formed design" into existence, and the court properly refused a charge requested by defendant as applicable to either degree of murder that, "before the jury can convict the defendant of murder in this case, they must believe beyond a reasonable doubt that it was a previously formed design of the defendant to take the life of the deceased, such charge being confusing and misleading.

Appeal from Circuit Court, Jefferson County; Wm. E. Fort, Judge.

Will Davis was convicted of murder in the second degree, and appeals. Affirmed.

Charges 2 and 13, refused to defendant, are as follows:

"2. Before the jury can convict the defendant, they must be satisfied to a moral certainty, not only that the proof is consistent with the defendant's guilt, but that it is wholly inconsistent with every other rational conclusion, and, unless the jury are so convinced by the evidence of the defendant's guilt that they would each venture to act upon that decision in matters of the highest concern and importance to his own interest, then they must find the defendant not guilty.

"13. Before the jury can convict the defendant of murder in this case, they must believe beyond a reasonable doubt that there was a previously formed design of the defendant to take the life of the deceased."

B. E. Samuels and William Vaughan, both of Birmingham, for appellant.

The argument of the solicitor constituted reversible error. Moulton v. State, 199 Ala. 411, 74 South. 454; Tannehill v. State, 159 Ala. 51, 48 South. 662; B. R., L. & P. Co. v. Drennen, 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037; Florence Cotton Co. v. Field, 104 Ala. 480, 16 South. 538; Wolffe v. Minnis, 74 Ala. 386. The defendant could not be guilty of murder, unless there was in his mind a formed design to shoot deceased. Charge 13 should have been given. Hampton v. State, 45 Ala. 87; Burton v. State, 107 Ala. 129, 18 South. 240; Dennis v. State, 112 Ala. 67, 20 South. 925. Allowing the jury to separate is good ground for a motion for new trial. Williams v. State, 45 Ala. 58;

⚍For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Id., 48 Ala. 85; Croker v. State, 47 Ala. 53; Robbins v. State, 49 Ala. 394; Hopkins v. State, 6 Ga. App. 403, 65 S. E. 57; 17 C. J. 253.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

A defendant may waive the right to have the jury kept together. Morgan v. State, 48 Ala. 65; Williams v. State, 45 Ala. 57; Sanders v. State, 131 Ala. 1, 31 South. 564; 1 Mayf. Dig. 547; 4 Mich. Ala. Dig. 476, 510. An exception to the action of the trial court in overruling motion to exclude argument is necessary for a review on appeal. Lambert v. State, 208 Ala. 42, 93 South. 708; B. R., L. & P. Co. v. Gonzalez, 183 Ala. 274, 61 South. 80, Ann. Cas. 1916A, 543. Charge 2 was correctly refused. Rogers v. State, 117 Ala. 9, 22 South. 666.

SAYRE, J. Defendant, appellant, was convicted of murder in the second degree.

[1] Defendant has submitted evidence in support of his motion to establish a bill of exceptions different in some respects from that signed by the presiding judge and which appears in the transcript certified by the clerk of the trial court. Affidavits contra have also been submitted. After due consideration it will suffice to say that the weight of the evidence does not sustain in all respects the bill defendant seeks to establish, and hence that the motion must be overruled. The case therefore is to be considered upon the bill of exceptions appearing in the record and certified by the presiding judge.

[2, 3] Pending argument by attorneys, the the jury were allowed to separate over night. This was done after consultation with the solicitor and defendant's counsel then of record, both consenting. The jury were strictly cautioned by the court with respect to their conduct during the separation, and with one accord the twelve deposed on defendant's motion for a new trial that they had had no communication whatever with any person concerning the case nor had seen any statement in the newspapers touching the case. By entering into this agreement the prosecution assumed the burden of proving that no abuse resulted from the separation of the jury; but in this case that burden has been well sustained and error cannot be affirmed of the court's action in that behalf. Butler v. State, 72 Ala. 179.

[4] On the subject of the solicitor's remarks to the jury, to which defendant reserved an exception, we have felt constrained to accept the version shown by the bill of exceptions contained in the authentic record. It there appears that defendant objected to so much of the solicitor's argument as stated, in effect, that no doubt defendant's brutal instincts, as shown by his savage deed in taking the life of deceased, had come down to him from his ancestors in the jungles of Africa. This was not to array race against race, as was the case in Moulton v. State, 199 Ala. 411, 74 South. 454, much emphasized in the brief for appellant. Conceding, however, that the prosecuting officer laid too great stress on defendant's ancestry as indicating the need of punishment and restraint, we find that the court appropriately cautioned the jury in respect thereof, and that no exception was reserved and no reversible error shown.

[5, 6] Charge 2, refused to defendant, has been condemned by this court as a mere argument. Rogers v. State, 117 Ala. 15, 22 South. 666. Defendant's contention was that deceased, his wife, had attempted to take from his hands a weapon he had carried to the scene and that, in the struggle or scuffle that ensued, the weapon was accidently discharged. The trial court, in its oral charge to the jury, defined involuntary manslaughter, or manslaughter in the second degree, substantially in the language of Johnson v. State, 94 Ala. 41, 10 South. 667, and this was the measure of defendant's right in the matter of the definition of that degree of homicide in abstract terms. Defendant did not pretend that deceased had any hostile purpose in her effort to get possession of the weapon; the idea conveyed by his testimony was that she sought to protect other persons present. Conceding that defendant engaged in a lawful act when in these circumstances, to use his language, he "tussled with her over the pistol," the jury were authorized to convict him of impropriety or negligence therein, and so, in keeping with accepted definitions, to find him guilty of involuntary manslaughter. Charges 8, 9, 18, and 19, then, were properly refused to defendant because, ignoring this possible solution of the facts, they predicated an acquittal of any offense on a finding that defendant, engaged in the performance of a lawful act, shot deceased without intention, or even that the shooting was accidental, without more.

[7] The phrase, "formed design to take life," does not necessarily connote all the elements of murder in the first degree. Hornsby v. State, 94 Ala. 65, 10 South. 522; Miller v. State, 107 Ala. 57, 19 South. 37; Martin v. State, 119 Ala. 5, 25 South. 255. The character of the offense is determined by the elements which called the "formed design" into existence. Burton v. State, 107 Ala. 129, 18 South. 284. Charge 13, requested by defendant as applicable to either degree of murder, was refused without error as being confused and misleading. Wilson v. State, 128 Ala. 26, 29 South. 569.

We think we need not indulge a prolonged discussion of the reasonableness of the verdict in this case or the ruling of the court in denial of defendant's motion for a new trial. In our judgment the verdict was amply justi-

fied by the evidence, and for that and other reasons heretofore stated should be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.