141 So. 699

## ARNETT v. STATE.

### 4 Div. 608.

Supreme Court of Alabama.

May 12, 1932.

E. C. Boswell, of Geneva, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

FOSTER, J.

■ The safe practice in felony trials is not to permit the jury to depart from the presence of the court even on adjournment unless attended by a sworn officer, and not to permit them to separate even then. Robbins v. State, 49 Ala. 394; Williams v. State, 45 Ala. 57; Bell v. State, 140 Ala. 57, 37 So. 281; 16 Corpus Juris, 1078.

■ But such separation pending a trial is said to be not necessarily ground for a new trial, but is sufficient to show a prima facie right to it, and the burden is upon the state, after such separation is shown, to prove that the jurors conversed with no one affecting the prisoner's guilt, and that no other influences were exerted which may have biased their deliberations. Butler v. State, 72 Ala. 179; Davis v. State, 209 Ala. 409, 96 So. 187; Thompson v. State, 23 Ala. App. 565, 129 So. 297.

■ As a general rule after a felony, and especially a capital case, has been finally submitted to the jury, and they have retired to consider their verdict, they must be kept together usually in charge of a sworn officer, and not permitted to separate where any harm could possibly come to defendant; but the court may permit a short separation of one or more of such jurors for a necessary purpose, and when accompanied by such officer, and there should be no communication with any one while so separated. 16 Corpus Juris, 1078, and cases cited.

■ The jury were sent to the hotel about 10 o'clock at night in charge of the sheriff to retire for the night after the case was given them by the court, and he had engaged the assistance of one said to be a city officer to assist in serving them during their retirement. Five of the jurors had parked their cars on the streets of the town not far removed from the hotel. After they all had repaired to the hotel for the night, by permission of the court, these five, accompanied by the officer in charge of them, above mentioned, left the others at the hotel and together they went to a corner drug store near by, and from there they separated, and each went to his car near by and drove it back to the hotel, having lined up with the officer in one of them. At the hotel, they were accommodated for the night by having two or four in each room, with the officer in an adjoining room.

He and the five jurors, on hearing the motion for a new trial, testified only one of them spoke to any one while thus technically separated. Eli Pate was he, and he testified that he did not get out of sight of the officer, and that one Jeff Ward came up to the car as he was getting in it, and that he told Ward, who was a regular juror for the week, that they were still on the case and would have to spend the night, but did not discuss the case. Ward rode with the juror across to the corner drug store, where he let Ward have his car, and he rode back to the hotel in the car of another one of the five jurors, with the officer on the running board.

■■ While the officer was not a sworn bailiff or deputy sheriff, and while it is advisable that he shall be such, we do not think that it is absolutely necessary that he be sworn. The court exercised supervision over all the proceedings of the trial to the end that it shall not prejudice nor open the door to prejudice the rights of either party. There is no claim of improper conduct here, but the evidence expressly rebuts all impropriety in this connection.

We know that in the smaller towns and cities in the rural sections the same character of attention to jurors and their accommodation, when kept together, are not available as in the larger cities, where all the conveniences for them have been provided; but also where the danger from separation is more pronounced.

The temporary separation here shown was a reasonable allowance by the court, and seems to have been properly safeguarded, and no prejudice resulted.

No other question is presented by the bill of exceptions, and the record is regular, showing a compliance with the statutory requirements in the trial of such cases.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.