PAYNE v. STATE.

3 Div. 13.

Supreme Court of Alabama.

Jan. 26, 1933.

C. B. Fuller, of Andalusia, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

ANDERSON, C. J.

The trial court cannot be reversed for refusing to grant a change of venue. The bill of exceptions contains no evidence in support of the motion for a change. True, the motion had attached, as exhibits, purported copies of certain newspaper comments on the crime with which the defendant is charged, but if these could be looked to as evidence, the same not appearing in the bill of exceptions, there was no proof offered to show the state of the public mind or that the defendant could not get a fair and impartial trial in Escambia county. Malloy v. State, 209 Ala. 219, 96 So. 57.

The trial court committed no reversible error in ruling upon the evidence.

The defendant's refused charges have been examined and considered, and those that are not faulty were sufficiently covered by the

many given charges for the defendant or the oral charge of the court.

While the rule is not now so strict, as at common law, as to the separation of the jury, it is the present rule in felony cases, especially capital ones, that a separation of the jury, after the trial has been entered upon, and before verdict, creates a cause for reversible error in favor of the defendant, unless the state affirmatively shows that the defendant was not thereby injured. This is often done by showing that the separation was done with the consent of the court, and that those leaving the main body were accompanied by an officer, and, if they were communicated with by outsiders, it was in the presence of the officer, and did not relate to or have any bearing upon the case under consideration. Arnett v. State (Ala. Sup.) 141 So. 699;[1] Butler v. State, 72 Ala. 179; Davis v. State, 209 Ala. 409, 96 So. 187; Thompson v. State, 23 Ala. App. 565, 129 So. 297.

Here the defendant was indicted and tried for a capital felony, was convicted, and given the death penalty. After the jury was impaneled and the trial entered upon, the court recessed for the night, and the sheriff took the jury to the hotel, who, with him present, lodged there for the night. The sheriff and eleven jurors occupied three adjoining rooms; but one of the jurors, one Charles T. Still, Jr., slept on a cot in the hall near the stairway which was used by the public generally. Whether this was an unwarranted separation or was satisfactorily explained so as to negative any injury to the defendant we need not decide, as the trial court committed reversible error for another reason. The proof shows that this same juror, Charles T. Still, Jr., left the hotel alone early the next morning and went up town, and the state failed to contradict this proof or otherwise rebut the presumption of injury.

Rule 45 does not apply to this question, as it is not a subject covered thereby.

The trial court erred in refusing defendant's motion for a new trial, and the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

All the Justices concur.

