14 So.2d 132
### MITCHELL et al. v. STATE.
### 3 Div. 391.

Supreme Court of Alabama.
June 3, 1943.

Rehearing Denied June 30, 1943.

Thomas & Thomas, of Montgomery, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

BOULDIN, Justice.

Horace Mitchell and David Mitchell, brothers, were jointly indicted with another for the murder of Curley Bray. The Mitchell brothers were tried together, were convicted of murder in the first degree, and their punishment fixed at death. The main question for review on this appeal arises upon a denial of a motion for new trial upon the ground of separation of the jury pending the trial.

Paragraph 9 of the motion for new trial reads: "9. Because the Court erred in the following manner: The trial of the above described case was begun on the 19th day of November, 1942, and at towit: 6:18 P. M. o'clock on November 19th, 1942, the Court was recessed until the following morning, November 20th, 1942; and the gentlemen on the jury were allowed by the Court to go separately their several ways. The twelve men were not required by the Court to stay together in the custody of the Bailiff of the Court or some other officer of said Court. That on the following morning, November 20th, 1942 at towit: 9:30 A. M. o'clock the Court resumed trial of said case and the twelve jurors had separated and gone home the night before or to places of their own choice unrestricted by the Court, and did return separately the following morning for the purpose of resuming trial of said cause, as is shown by affidavit of L. H. Brassell hereto attached and made a part hereof."

The supporting affidavit was to like effect.

The trial court, in course of an opinion dealing with the motion, made a special finding of facts, which we quote: "With reference to Paragraph 9 of the motion, which raises the point of the separation of the jury during the trial, the Court finds, as matter of fact, that when it was found impossible to complete the trial of the case on the same day upon which it was entered, it called to the Bench, in open court, during the trial, L. H. Brassell, the defendants' counsel, and the two defendants personally, and asked if there would be any objection to the jurors being allowed to separate until the trial was resumed the next day. Each defendant personally stated to the Court, upon his right to have the jury kept together being explained fully to him, that he did not object to the jury being allowed to separate, and defendants' counsel, L. H. Brassell, himself stated to the Court that he had no objection whatsoever and made no point on this, and thereupon the trial judge, having first had and secured the personal consent of each defendant and the consent of their counsel, permitted the jury to separate until the next morning, giving them the following instructions before they separated: 'Gentlemen, by agreement of each defendant here and of their counsel, the Court will not keep you locked up tonight, and you will be permitted to spend the night at your homes. You will not talk about this case in any way; you will not permit anyone to discuss it in your presence; none of the jurors must get off and discuss the case with any other member of the jury, and you must not be thinking about the case or attempting to make up your minds as to what verdict you will return in this case, because you are not authorized to do that until you have heard all the evidence in the case, both for the State and the defendants, the arguments of counsel and the charge of the Court; and do not go near the scene of the killing or attempt to find out anything about the facts of this case. The only evidence you can consider is such as comes from the witness stand, by witnesses sworn and testifying in your presence and

subject to cross-examination by the opposite party.' Thereupon the Court, with the personal consent of the defendants and their counsel, permitted the jury to separate for the night, the Court being moved to permit this due to the fact that there are no accomodations either at the jail or at the court house to keep jurors together in the custody of an officer, and that, due to the crowded condition of the City at that time, it was impossible to secure hotel accomodations for the jurors overnight."

■ Dealing with the final expression in the foregoing excerpt, we observe: Title 30, § 97, Code of 1940, reads: "Whenever a jury is, by order of the court, kept together without separation during any night, or for an unusual length of time, it is the duty of the sheriff, with the approval of the court, at the expense of the county, to provide for the jurors, and the bailiffs or deputy sheriffs in charge of, or attending, said jury, suitable lodging and meals."

This statute recognizes there are cases in which the court should order the jury to be kept together, and places the duty and responsibility in providing lodging and meals for the jurors and their attending officers. The court has supervisory power in this regard.

This court has often considered cases in which the separation of the jury, pending the trial of felony cases, sometimes capital, was brought in question under varying conditions.

In Williams v. State, 45 Ala. 57, 64, the defendant was on trial for assault with intent to murder. Upon the close of the evidence and before argument was begun, the jurors were permitted to separate, without express consent or objection on the part of defendant or counsel. Said this court:

"Mr. Bishop, in his valuable work on Criminal Procedure, vol. 1, § 814, says: 'It is a doctrine prevailing almost everywhere in this country, that, in capital cases, the jury can never be permitted to leave the presence of the court, even on adjournment over night, except in charge of a sworn officer, and then they must be kept together.' Yet, he says, 'in South Carolina it is held to be within the discretion of the court, even in capital cases, to permit the jury to separate at the adjournment from day to day.' The like doctrine and practice appear to prevail in Connecticut. This author also says: 'In some of the States, the rule which forbids the court to permit a separation, extends to felonies not capital.'

"This we think the better and safer practice, and we recommend it as a rule for the government of the courts in this State."

This case, as several later ones, arose when the ruling on a motion for new trial was not reviewable on appeal. It was held defendant was not entitled to a discharge because of separation of the jury. This court was stating the law, however, for the guidance of the trial courts.

In Robbins v. State, 49 Ala. 394, the accused was on trial for assault with intent to murder. Pending the trial, as the bill of exception states, "after the evidence was gone into, and after two witnesses had testified in the case, the court adjourned for dinner, and dispersed the jury, with the remark to them, 'that they must not talk about the case', without anything being said by the State or the defendant. When the court convened again after dinner, the defendant objected to being again put in jeopardy for the same offense; which objection the court overruled, and the defendant excepted." Said this court: "The separation of the jury, the prisoner not objecting, was a matter within the discretion of the court, and cannot be made the subject of revision on error. If it was irregular, or if any injury to the accused resulted from it, it is matter on which to ground an application for a new trial. We concur in all that is said on this point by Chief Justice Peck, in the case of Williams v. State, 45 Ala. 57. It is the safer practice, especially in cases of felonies, not to permit the jury to depart the presence of the court, even on an adjournment, unless attended by a sworn officer, and not to permit them to separate even then."

In Morgan v. State, 48 Ala. 65, 68, the accused was on trial for rape. While the trial was in progress the court adjourned for dinner, and the jury was "permitted by the court to separate and get their dinners and mix with the crowd who were in attendance upon the court, and this was done without the consent of defendant." Said this court: "The jury, after being impanelled and sworn, should not be permitted to separate, and 'mix with the crowd, who were in attendance on the court', without the consent of the

defendant. But such a departure from the proper practice is not a matter for arrest of judgment, unless, perhaps, it is made a part of the record by bill of exceptions, but is grounds for a new trial."

In Butler v. State, 72 Ala. 179, a murder case, this court said: "The objection urged in this case for a new trial is, that during an adjournment, pending the trial, one or more of the impanelled jurors was permitted to absent himself from the body of the jury, unattended by an officer. It is not shown that these jurors conversed with any person, or were conversed with, while they were so absent from their fellows. The implications from the bill of exceptions are, that such was not the case. The mere fact that jurors, pending a trial for felony, are not kept together in the care of an officer, is not necessarily ground for a new trial. In appellate courts which entertain jurisdiction on appeal from orders overruling such motions, a new trial is not a matter of course, from the mere fact that the jury had not been, all the while, kept together under the eye of the officer. Some courts hold that, prima facie, such irregularity calls for a new trial, and the onus is on the prosecution to show affirmatively that the jury had not been tampered with. Possibly, this is the safer and sounder rule. The inquiry is easily made, and a proper investigation had, in the court trying the cause. If any of the jurors have been conversed with, on questions affecting the prisoner's guilt; or, if other influences have been exerted, which may have biased their deliberations, a new trial should be granted. On the other hand, if there be an entire negation of such interference, there is no ground for setting aside the verdict. Williams v. State, 45 Ala. 57; Morgan v. State, 48 Ala. 65; Williams v. State, 48 Ala. 85; 1 Bish.Cr.Proc. §§ 993, 999, and note 4."

The remark, "The inquiry is easily made," etc., is to be read in connection with the state of the case there treated, a temporary separation of one or more jurors, pending adjournment, and without permission of the court.

In Nabors v. State, 120 Ala. 323, 25 So. 529, a murder case, a juror became separated for the moment while the jurors were answering the calls of nature. This and many other instances where the due performance of jury duty demands special regard to a juror's physical needs, and is attended by an officer, or in case of mere technical separation, there is no cause of complaint.

In Bell v. State, 140 Ala. 57, 37 So. 281, 284, a murder trial, it was held the duty to keep the jury together does not arise until the full number has been selected, impanelled, and sworn. The court added: "Coke, Foster, and Blackstone state the rule to be 'that, after the jury are sworn and charged with the prisoner, and after evidence has been given, the jury cannot be discharged or separated.'"

In Arnett v. State, 225 Ala. 8, 141 So. 699, a trial for murder, this court said:

"The safe practice in felony trials is not to permit the jury to depart from the presence of the court even on adjournment unless attended by a sworn officer, and not to permit them to separate even then. Robbins v. State, 49 Ala. 394; Williams v. State, 45 Ala. 57; Bell v. State, 140 Ala. 57, 37 So. 281; 16 Corpus Juris 1078.

"But such separation pending a trial is said to be not necessarily ground for a new trial, but is sufficient to show a prima facie right to it, and the burden is upon the state, after such separation is shown, to prove that the jurors conversed with no one affecting the prisoner's guilt, and that no other influences were exerted which may have biased their deliberations. Butler v. State, 72 Ala. 179; Davis v. State, 209 Ala. 409, 96 So. 187; Thompson v. State, 23 Ala.App. 565, 129 So. 297."

In Payne v. State, 226 Ala. 69, 145 So. 650, 651, a trial for murder, the jury was carried to a hotel for the night. One juror "left the hotel alone early the next morning and went up town, and the state failed to contradict this proof or otherwise rebut the presumption of injury." Said the court:

"While the rule is not now so strict, as at common law, as to the separation of the jury, it is the present rule in felony cases, especially capital ones, that a separation of the jury, after the trial has been entered upon, and before verdict, creates a cause for reversible error in favor of the defendant, unless the state affirmatively shows that the defendant was not thereby injured. This is often done by showing that the separation was done with the consent of the court, and that those leaving the main body were accompanied by an officer, and, if they were communicated with by outsiders, it was in the presence of the officer, and did not relate to or have any bearing upon the case under considera-

tion. Arnett v. State [225 Ala. 8], 141 So. 699; Butler v. State, 72 Ala. 179; Davis v. State, 209 Ala. 409, 96 So. 187; Thompson v. State, 23 Ala.App. 565, 129 So. 297.

\* \* \* \* \*

"Rule 45 does not apply to this question, as it is not a subject covered thereby."

A reversal was awarded for denial of a motion for new trial.

In Davis v. State, 209 Ala. 409, 96 So. 187, 188, a trial for murder, was presented a situation quite analogous to the instant case. Said this court: "Pending argument by attorneys, the jury were allowed to separate over night. This was done after consultation with the solicitor and defendant's counsel then of record, both consenting. The jury were strictly cautioned by the court with respect to their conduct during the separation, and with one accord the twelve deposed on defendant's motion for a new trial that they had had no communication whatever with any person concerning the case nor had seen any statement in the newspapers touching the case. By entering into this agreement the prosecution assumed the burden of proving that no abuse resulted from the separation of the jury; but in this case that burden has been well sustained and error cannot be affirmed of the court's action in that behalf. Butler v. State, 72 Ala. 179."

Here is a clear announcement that consent of defendant's counsel to a separation of the jury is subject to his right, on motion for a new trial, to have the question of harmful effect investigated, with the burden on the state to prove no abuse resulted from the separation of the jury.

In the Davis case the consent of the solicitor was also obtained; while here, so far as appears, the court took the initiative, and acted without express consent of the solicitor. Surely it cannot be plausibly argued that a failure to consult the solicitor placed the ruling of the court on stronger ground, or put the defendant in a worse position. This Davis case is cited as authority in our recent cases of Arnett v. State and Payne v. State, supra. The rule stated in these cases, both capital felonies, carries no limitation to cases of nonconsent on the part of defendant or his counsel.

Expressions in our early cases touching a discretion of the court in permitting a separation of the jurors during adjournment must be read in the light of other holdings there disclosed, viz.: That the only remedy then available was by motion for new trial, addressed to the enlightened discretion of the trial court, and not reviewable on appeal. This court has not, as in a few other states, required the defendant, pending a trial for his life or liberty, to subject jurors having his fate in hand to an inquisition touching their demeanor; or their contacts while separated with or without the consent of the court.

A study of decisions of other jurisdictions, and text-writers, discloses a wide variance in the departures from common-law ideals on this subject. Suffice to say Alabama has taken a rather medium ground, which we see no reason now to depart from. Extended annotations appear in 34 A.L.R. 1115-1245 and 79 A.L.R. 821-844.

Touching waiver by consent, see 34 A.L.R. 1148; touching presumption and burden of proof, see 34 A.L.R. 1166.

In some states decisions are directed to construction of statutes. We quote from Thompson on Trials, 2d Ed., Vol. 2, § 2549: "But in other jurisdictions, the opposing rule, applied for the most part in capital cases, obtains, that such a separation creates a presumption against the integrity of the verdict, and will be ground for a new trial, unless it affirmatively appear that the jurors were not thereby subjected to any improper influence. The state fails to do this, when it does not account for all the period of his separation from his fellows, if it was at a time and place where he might have been improperly approached."

We quote again from 23 C.J.S., Criminal Law, § 1387: "It has been held that accused's failure to object to separation of the jurors does not constitute a waiver of his rights in the premises, and that, where a rule of practice or a statutory provision requires that the jury shall be kept together, accused cannot waive his rights in this respect, particularly in the case of capital felonies, by requesting or consenting to a separation, since accused ought not to be placed in the position of having to consent, or perhaps of prejudicing the jury by withholding consent."

And finally from Bishop's New Crim. Proc., 2d Ed., Vol. 2, § 998: "In some cases, effect appears to have been given to the defendant's consent to a separation not

508

otherwise allowable. But by the better doctrine, he is not in a position to give consent; it should not be asked; and the permission thus procured is null."

Certainly this statement of the law by Mr. Bishop is based upon sound reasoning where the defendant and counsel are called upon to make such a decision in open court in the presence and hearing of the jury. We will not assume that the interview between the court, the defendants and their attorney in the instant case was so conducted as to be heard by the jurors. But it does appear to have been in open court and does not appear the defendants and counsel were assured their response would not reach the jury.

We put our decision, however, on the law as heretofore declared by this court, as we see it, and here reaffirm and reemphasize the following:

 Pending a trial for a capital felony, the jury should be kept together. During recesses of the court they should be under the care of a sworn officer. If held overnight, provision should be made in advance for their lodging and meals. They should not be permitted to separate, each going his own way, and choosing his own contacts. These rules are part of the law of criminal procedure sanctioned by the wisdom and experience of ages; safeguards against the hazards of outside contacts, which may, with no fault of the juror, so enter into his thinking as to influence his verdict unawares.

We cannot concur in any notion that we live in an enlightened age where human nature has changed, or a higher standard of conduct warrants an abandonment of safeguards written into the law because they are hoary with age.

In fact, the opportunities for contacts, as well as the means of molding public opinion on mere rumor and propaganda, are enhanced. The passion and ill-feeling among relatives and friends growing out of homicides, rapes, etc., are all here. This is not an age free from guile. Better stay by the ancient landmarks.

In passing upon the guilt or innocence of a citizen on trial for an offense involving his life or liberty, the juror is faced with a responsibility than which there is no greater among men. Charged with the finding of facts and the application of the law as given in charge by the court, any diversion which would tend to becloud his recollection of the testimony is to be avoided, so far as reasonable and practical.

Keeping the jurors together accentuates their sense of responsibility. Moreover, keeping them free from contacts which may be harmful makes for public confidence in the administration of justice, a matter not lightly to be regarded at any time.

Unless special unusual conditions suggest a different course, the jury should be kept together, and no question raised on the subject.

▉▉ If the jurors be permitted to separate as here, under instructions from the court, with or without the consent of defendant, such separation is subject to challenge by motion for new trial, whereupon the burden is upon the state to clearly show no injury resulted from such separation.

No showing whatever was made on this line. It follows the judgment must be reversed and the cause remanded.

Reversed and remanded.

All the Justices concur.