39 So.2d 44

**ECHOLS v. STATE.**
8 Div. 704.

Court of Appeals of Alabama.
Feb. 22, 1949.

306

S. A. Lynne, of Decatur, for appellant.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant was by a jury found guilty of manslaughter in the first degree. The evidence presented by the State abundantly tends to show that appellant killed Nella June Maples by running into or against her with a truck.

This cause must be reversed for reasons hereinafter set forth, which reasons in nowise pertain to the sufficiency of the State's evidence. We therefore refrain from detailing the evidence, but do observe that in our opinion the evidence presented by the State was sufficient to support the verdict of the jury and the judgment of the court.

Appellant duly filed a motion for a new trial. Ground 10 of said motion is as follows:

"10. Because, after this case was submitted to the jury and the jury retired to consider their verdict in this cause and after they had entered their room, the jury voluntarily dispersed and went their several ways and remained away from the court house for an hour or more; that this separation occurred without the instructions of the court and without the knowledge of the court."

At the hearing on the motion appellant's evidence in support of ground 10, supra, consisted of the following affidavit:

"Before the undersigned authority, in and for the State and County aforesaid, this day personally appeared S. A. Lynne, who, being first duly sworn, deposed and says that he was the attorney for the above named defendant on the trial of his case in the Circuit Court of Morgan County, Alabama; that after the arguments of the attorneys and the instructions of the court to the jury, the Court ordered the jury to retire and consider their verdict; that the jury was placed in a room on the second floor of the Court House, fronting the hallway, and after the jury retired,

another case was called and some little time was consumed in the preliminaries, and just before twelve o'clock noon, the Court recessed the court and instructed the venire for the trial of the other case to return to court about 1:15 P.M.; that affiant waited in the court room until shortly after the noon hour and then went into the hall and asked the trial judge what orders he was going to make with reference to the jury in the case of the State v. Willie Echols, and then was advised that the jury had dispersed; that the door to the jury room was open and all of the members of the jury had gone, and they remained away from the court house until about 1:15 P. M.; that this separation was without any instruction of the Court and in fact, without the knowledge of the Court or of defendant's attorney; that after the jury reconvened, they returned a verdict in this cause. The jury did not remain together and they were not under the supervision of any deputy of the Court, but went their several ways into the different parts of the city.

"(signed) S. A. Lynne,<br>"Affiant

"Subscribed and sworn to,
this 7th day of April, 1948.

"(signed) Sarah C. Dutton<br>"Notary Public."

The evidence presented by the State consisted only of an affidavit of the Special Prosecutor, as follows:

"Before the undersigned authority, in and for the State and County aforesaid, this day personally appeared Noble J. Russell, who, being first duly sworn, deposes and says that he was the Special Prosecutor in the trial of the case of State of Alabama v. Willie Echols, which was tried in the Circuit Court of Morgan County, Alabama; that the trial of said case commenced on the morning of Wednesday, March 3rd, 1948; that when the noon hour of the first day of the trial came, the Court let the jury go but before doing so instructed them that they were not to talk to anyone about the case or allow anyone to talk to them about the case while the case was in progress; that at five o'clock in the afternoon the case was still in progress and the jury, with the consent of the defend-

ant, were allowed to go to their respective homes to spend the night and were instructed to return the next morning at eight thirty; that before the jury was turned loose, the Court again instructed them not to talk to or discuss the case with anyone while they were engaged in the trial of the same; that the jury returned the following morning, which was Thursday, March 4th, 1948 and the trial of the case was resumed; that the case was given to the jury for their deliberation sometime on the morning of Thursday, March 4th, 1948.

"(signed) Noble J. Russell

"Subscribed and sworn to,
this 7th day of April, 1948.

"(signed) Lucile Emens,<br>"Notary Public."

■ The law in this State is well settled that where a separation of a jury during the trial of a cause is shown, such showing in and of itself creates prima facie a right to a new trial.

To overcome the prima facie right to a new trial created by such a showing the burden is on the State to show by sufficient evidence that the jury, during such separation, was in nowise subjected to contacts or influences that may have biased their verdict. Mitchell v. State, 244 Ala. 503, 14 So.2d 132, and cases cited therein.

■ Even though consent be given by defendant and counsel to a separation of the jury, his right on motion for a new trial, to have the question of harmful effect investigated is in nowise affected because of such consent, and the burden yet remains on the State to show that no prejudice to the defendant resulted from such separation. Mitchell v. State, supra.

■ The usual procedure, after a movant has established his prima facie right to a new trial by showing a separation of the jury is for the State to submit evidence, usually the testimony of the jurors themselves, directed to showing the absence of any influence exerted on them, or attempted to be exerted, which might affect their consideration of the case involved.

■ It is obvious that in the present cause the affidavit of appellant's counsel

submitted in evidence at the hearing on the motion for a new trial established prima facie his right to have such motion granted on Ground 10.

It is equally obvious that the State has in nowise met the burden cast on it to submit evidence tending to overcome the prima facie right to a new trial resulting from appellant's showing.

The affidavit of the Special Prosecutor submitted in evidence by the State pertains to two previous separations, different from the separation of the jury of which appellant complained in his motion for a new trial. As to this last separation, the State submitted no evidence whatsoever tending to rebut appellant's prima facie right to a new trial.

The trial court therefore erred in overruling appellant's motion for a new trial, and this cause is therefore ordered reversed.

Reversed and remanded.