**Cleophus YOUNG, Petitioner-Appellant,**

v.

**STATE OF ALABAMA, Respondent-Appellee.**

No. 71–1355

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

June 7, 1971.

Rehearing Denied and Rehearing En Banc Denied Sept. 1, 1971.

---

* [1] Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I.

John N. Leach, Jr., Mobile, Ala., court appointed for petitioner-appellant.

William J. Baxley, Atty. Gen. of Ala., Montgomery, Ala., Joseph G. L. Marston, III, Asst. Atty. Gen., for respondent-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

AINSWORTH, Circuit Judge:

Appellant, an Alabama state prisoner, appeals from the District Court's denial of habeas relief to set aside a 1966 conviction for second-degree murder. This is the second time the matter is before us. Following an unsuccessful appeal by Young to the Alabama Supreme Court, Young v. State, 283 Ala. 676, 220 So.2d 843 (1969), which considered and rejected all of the claims which appellant presents here, he sought habeas relief in the District Court which denied the writ. We remanded for consideration on the merits because of the District Court's erroneous conclusion that appellant had not exhausted his state remedies. Young v. State of Alabama, 5 Cir., 1970, 427 F.2d 177. On remand the District Court conducted a hearing and denied the relief sought. We affirm.

In his habeas petition, appellant asserted as grounds for his release the following: 1. Improper jury instructions; 2. Insufficiency of the evidence; and 3. Unconstitutionality of an Alabama state statute [Title 30, Section 97(1) (1958)] under which the jury was allowed to separate and disperse overnight during the course of his trial. In denying the writ, the District Court made no findings relative to the first two claims asserted by petitioner. Young, on appeal, reasserts all of the alleged violations and additionally contends that the court erred in failing to make findings of fact on the issues of improper jury instructions and insufficiency of the evidence.

Unless there is a clear showing that the errors complained of were so gross or the trial was so fundamentally unfair, habeas corpus will not lie to set aside a conviction on the basis of improper instructions, McDonald v. Sheriff of Palm Beach County, Florida, 5 Cir., 1970, 422 F.2d 839; Murphy v. Beto, 5 Cir., 1969, 416 F.2d 98; Gomez v. Beto, 5 Cir., 1968, 402 F.2d 766. Nor is alleged insufficiency of evidence reviewable by habeas corpus in federal courts. Summerville v. Cook, 5 Cir., 1971, 438 F.2d 1196; Fulford v. Dutton, 5 Cir., 1967, 380 F.2d 16. These alleged violations were presented to the Alabama Supreme Court and found to be without merit. Young v. State, *supra*. Accordingly it was not incumbent on the District Court to make findings on these issues.

Appellant's remaining contention that Title 30, Section 97(1) of the Alabama Code, is unconstitutional in that it denies him equal protection of the law, is likewise without merit. Prior to the enactment of the challenged statute there was a court-imposed presumption in Alabama that a defendant in a criminal trial suffered prejudice if the jury was not sequestered. The burden was on the state to prove that a guilty verdict resulting from such a jury was not influenced by outside contacts, even where a defendant voluntarily consented to separation. Mitchell v. State, 244 Ala. 503, 14 So.2d 132 (1943); Golden v. State, 39 Ala.App. 361, 103 So.2d 52 (1958). The statute in question reverses the presumption of prejudice in counties having a population in excess of 140,000 where the parties consent in writing to separation of the jury. It reads in pertinent part as follows:

"The provisions of this section shall apply only in the circuit court in counties having a population of 140,000 or more according to the last or any subsequent federal census.

"If the accused and his counsel and also the prosecuting attorney, in any

prosecution for felony, whether capital or non-capital, consent thereto in open court, the trial court in its discretion may permit the jury trying the case to separate during the pendency of the trial, whether the jury has retired or not. A separation so permitted shall not create a presumption of prejudice to that accused, but on the contrary it shall be prima facie presumed that the accused was not prejudiced by reason of the separation of the jury."

██ The statute applies to Mobile County which has a population in excess of 140,000, the county in which appellant was tried and convicted. Both he and his attorney consented in writing to the separation of the jury. The District Court correctly found that no fundamental right of appellant had been violated by the separation of the jury in the absence of a showing of prejudice as a result thereof, and that the state had met its burden of demonstrating that the statutory distinction between the heavily populated counties and the remaining counties was a reasonable distinction.[1] Jury sequestration is not a fundamental In order to satisfy the requirements of the Equal Protection Clause, therefore, the state was required to show only or constitutionally guaranteed right.[2] that the distinction was reasonable and free from invidious discrimination. See, e. g., Dandrige v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 politan Dade County, 5 Cir., 1970, 425 (1970); E. B. Elliott Adv. Co. v. Metro- F.2d 1141; Zayre of Georgia, Inc. v. City of Marietta, 5 Cir., 1969, 416 F.2d 251, cert. denied, 397 U.S. 918, 90 S.Ct. 925, 25 L.Ed.2d 99. The state adequately met its burden.

Affirmed.

1. The state argues that the basis for the distinction between highly populated and sparsely populated counties is that separation of a jury in a rural county presents a possibility of prejudice because of the probability of jury members coming in contact with the victim of the crime, witnesses, counsel for the parties and the general public, who in a small community might be prone to discuss the case. Whereas, larger urban areas present far less possibility for this type of contact.

2. We have held that sequestration of the jury in a federal criminal trial is discretionary with the court, and that where there is no objection to the dispersing of jurors and no resulting prejudice, there is no abuse of discretion. Grant v. United States, 5 Cir., 1966, 368 F.2d 658, 660; Tyler v. United States, 5 Cir., 1968, 397 F.2d 565, 569.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

### PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.