309 So.2d 503

**Jerrial Jerome TURNER**

v.

**STATE.**

**3 Div. 283.**

Court of Criminal Appeals of Alabama.

March 4, 1975.

Edwin C. Page, Jr., Evergreen, for appellant.

William J. Baxley, Atty. Gen., and Carol Jean Smith, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

Robbery [1] : sentence, ten years in the penitentiary.

1. Alabama makes no distinction between armed and unarmed robbery, keeping in this crime the Common Law definition. Douglass v. State, 21 Ala.App. 289, 107 So. 791; Code 1940, T. 14, § 415.

## I

■ We conclude that the State adduced sufficient evidence to sustain the indictment, if credited by the jury to the required degree, i. e., beyond a reasonable doubt.

The verdict reflects this convincement and implicitly is a rejection of Turner's claim of alibi.

## II

On this appeal it is argued that there was a separation of the jury to the hurt of the appellant. We have searched the record as required under Code 1940, T. 15, § 389. We find no ruling on this point raised in the trial court. Compare Pitts v. State, 53 Ala.App. 373, 300 So.2d 416.

Under Supreme Court Rules 24 and 25 we can assume from the tenor of the circuit clerk's certificate that the accused, his counsel and district attorney, did not consent to a separation under the conditions stipulated in § 2 of Act No. 794 of September 7, 1971. The "open court" provision in § 1 of said Act is not before us for review. See Mitchell v. State, 244 Ala. 503, at 508, 14 So.2d 132; 23A C.J.S. Criminal L. § 1387 b.

■ The appellant's silence when the jury separated did not bring on "invited error" because as we understand Mr. Justice Merrill's definition, invited error must be the product of a party's own incorrect request of the trial judge. Aetna Life Insurance Co. v. Beasley, 272 Ala. 153, 130 So.2d 178; Thompson v. Magic City Trucking Service, 275 Ala. 291, 154 So.2d 306. As we read the cases, the trial judge must follow Coke's admonition that, once sworn, the jury must be kept together until verdict. Williams v. State, 45 Ala. 57.

■ However, the lapse of the judge does not confer an acquittal: rather, only a new trial. *Williams,* supra, was an affirmance because the defendant moved for a discharge and not for a mistrial [2] or venire de novo. In *Mitchell,* 244 Ala. 503, 14 So.2d 132, it was, in the penultimate paragraph, pointed out that a motion for new trial was the correct procedure to determine the harm vel non of a jury separation.

■ While waiver or consent—certainly in open court—cannot purge the possibility of prejudicial error (Golden v. State, 39 Ala.App. 361, 103 So.2d 52), we are apprised of no case which dispenses with the requirement of an adverse ruling by the trial court, whether brought on by objection, motion for mistrial or new trial. We hold that the question cannot be *first* raised by an appeal or a writ of error.

The judgment below is

Affirmed.

All the Judges concur.

---

2. Statutory mistrial first came in the 1907 Code. See Parham v. State, 47 Ala.App. 76, 250 So.2d 613.