331 F.2d 675
 Robert B. CURTIS, William L. Clay, Lucien Richards, Rev.
Charles Perkins and Norman Seay, Appellants,
v.
William BOEGER, Warden of St. Louis City Jail.
Louis FORD, Ian Grand, Benjamin Goins, Roberta Tournour,
Taylor Jones, KennethLee and Ronald Glenn, Appellants,
v.
William BOEGER, Warden of St. Louis City Jail.
Michela GRAND, Daniel Pollock and James Peake, Jr., Appellants,
v.
William BOEGER, Warden of St. Louis City Jail.
 Nos. 17599-17601.
 United States Court of Appeals Eighth Circuit.
 March 6, 1964.
 
 Joseph S. McDuffie, St. Louis, Mo., made argument for appellants and Robert E. Wilson, Jr., R. L. Witherspoon, Clyde S. Cahill, Jr., Charles R. Oldham, Wyvetter H. Younge, Emanuel Williams, Margaret B. Wilson, Robert Ratermann, St. Louis, Mo., and Billy Jones, East St. Louis, Ill., were with him on the brief.
 Eugene P. Freeman, Associate City Counselor, St. Louis Mo., made argument for appellee; Thos, J. Neenan, City Counselor St. Louis, Mo., and Conway B. Briscoe, Jr., Asst. City Counselor, St. Louis, Mo., were with him on the brief.
 Wayne L. Millsap, St. Louis, Mo., made argument and filed brief Amicus Curiae and John P. Montrey, St. Louis, Mo., was with him on the brief.
 Before VOGEL, VAN OOSTERHOUT and MATTHES, Circuit Judges.
 PER CURIAM.
 
 
 1
 These appeals were taken from the orders of the United States District Court for the Eastern District of Missouri denying appellants' petitions for writs of habeas corpus on the ground that appellants had failed to exhaust all remedies available to them in the Courts of the State of Missouri. In re Curtis' Petition, D.C., 227 F.Supp. 438.
 
 
 2
 The issue is narrowly confined to ascertaining whether it was necessary for appellants to apply to the Supreme Court of the United States for writ of certiorari from the order of the Supreme Court of Missouri denying them relief, before they were entitled to a hearing in the United States District Court upon the merits of their claims.
 
 
 3
 The issue has been duly considered on the record before us, and on the briefs and oral arguments of appellants, appellee and amicus curiae.
 
 
 4
 In his brief, appellee acknowledges that 'Fay v. Noia expressly obliterated the past procedural requirement of certiorari to the United States Supreme Court before consideration of habeas relief in the District Court' and suggests that this Court 'remand these cases to the District Court for further proceedings in consonance with the requirements of Townsend v. Sain, 372 U.S. 293 (83 S.Ct. 745, 9 L.Ed.2d 770).'
 
 
 5
 Being now fully advised and informed in the premises, the Court determines that appellants were not, as a prerequisite to a hearing upon the merits of their application, required to petition the Supreme Court of the United States for writ of certiorari and further determines that they have exhausted their state remedies within the teachings of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837.
 
 
 6
 Accordingly, the orders appealed from should be and hereby are vacated and the causes are remanded to enable the District Court to consider the question on the basis of Fay v. Noia, supra, and to consider whether the issues sought to be raised are such as call for a hearing under Townsend v. Sain, supra.
 
 
 7
 Pursuant to the order of this Court entered on March 2, 1964, admitting appellants to bail, it hereby is further ordered that appellants be permitted to remain at liberty on their bonds subject to the order of this Court or of the United States District Court for the Eastern District of Missouri and that appellants appear in the United States District Court for the Eastern District of Missouri at such time or times as said District Court may order and direct; and that appellants fully and faithfully comply with and obey all orders, judgments and mandates which may be entered in these causes by the United States District Court for the Eastern District of Missouri.
 
 
 8
 Mandate shall issue forthwith.