Robert B. HEDBERG, Appellant,

v.

Peter PITCHESS, Sheriff, California Adult Authority, State of California, Appellees.

No. 20058.

United States Court of Appeals Ninth Circuit.

June 6, 1966.

---

512

Robert B. Hedberg, Jr., in pro. per.

Thomas C. Lynch, Atty. Gen. of California, Wm. E. James, Asst. Atty. Gen., Wm. L. Zessar, Deputy Atty. Gen., Los Angeles, Cal., for appellees.

Before JERTBERG and ELY, Circuit Judges, and JAMESON, District Judge.

JERTBERG, Circuit Judge:

Before us is an appeal from a judgment of the United States District Court for the Southern District of California, Central Division, denying appellant's Petition for a Writ of Habeas Corpus.

The record discloses that the appellant was charged by information filed by the District Attorney of Los Angeles County on December 15, 1957, with the crime of grand theft, to which appellant entered a plea of not guilty.

On May 23, 1958, appellant was adjudged to be a mentally ill person and was committed to the Department of Mental Hygiene for placement at Camarillo State Hospital.

On September 23, 1958, appellant was returned from the hospital to the trial court, and the criminal action was set for trial on October 6, 1958. On November 7, 1958, appellant withdrew his plea of not guilty to the grand theft charge and entered a plea of guilty thereto, and on November 28, 1958, appellant was sentenced to serve an indeterminate sentence of 6 months to 10 years for the offense of grand theft.

On June 2, 1960, the California Adult Authority fixed appellant's term at 4 years and granted him parole for the last 26 months of the sentence. While on parole the Adult Authority ordered that appellant be returned to prison for violating the terms of his parole, and on June 26, 1963, appellant's term was refixed at five and one-half years, with two years on parole. While on parole the Adult Authority ordered that appellant be returned to prison for violating the terms of his parole. On May 21, 1964, appellant's term was re-refixed at the maximum of 10 years.

In his petition filed with the District Court, appellant, *inter alia*, alleges in substance that he has completely served the sentence lawfully imposed upon him; that he has been denied due process of law, in that his parole in each instance was suspended or revoked and he was returned to prison without notice, and without a hearing, and that his sentence

was refixed and re-refixed without notice and without a hearing; that the California Adult Authority, in re-refixing his sentence at the maximum, acted in excess of its authority, and was without power to do so; that once his sentence had been fixed at five and one-half years it could not be refixed at maximum; that the parole suspensions or revocations caused him to be placed twice in jeopardy; and that the indeterminate sentence law of California violates the Constitution of the United States.

On December 3, 1964, and before the appellees had filed their response to the Petition for Writ of Habeas Corpus, the District Court entered its order denying the petition for the writ, and stated in the order:

"In order for this court to have jurisdiction to hear the merits of the petition, it must appear that all remedies presently available in the Courts of the State have been exhausted. 28 U.S.C. § 2254. These remedies include appeal (28 U.S.C. 1257(2)) and petition for writ of certiorari (28 U.S.C. 1257(3)) to the United States Supreme Court following denial of habeas corpus relief by the California Courts, if the time within which a petition for certiorari could be filed has not expired. As an alternative, the petitioner must allege facts, including pertinent dates, sufficient to show that such remedies are no longer available to him. Fay v. Noia, 372 U.S. 291 [sic] [391, 83 S.Ct. 822, 9 L.Ed.2d 837] (1963). Neither of the two alternatives appear applicable in the instant case."

On December 9, 1964, appellant delivered to the Clerk of the District Court his notice of appeal and application for certificate of probable cause. The Clerk apparently did not file the same.

On April 29, 1965, the District Court issued a certificate of probable cause stating:

"The Petition for Writ of Habeas Corpus in this case had been filed on November 20, 1964. The Supreme Court of the State of California had denied a similar petition without hearing or opinion on October 28, 1964. Thus, petitioner had ample time within which to petition the Supreme Court of the United States for certiorari under Rule 33½ of the Revised Rules of the Supreme Court of the United States and Title 28 U.S.C. § 210(c), [sic] to which Rule 38½ refers.

"The issue described above is squarely presented by this case. A Certificate of Probable Cause should, therefore, issue.

"IT IS HEREBY ORDERED pursuant to Title 28 U.S.C. § 2253, that probable cause exists for appeal as herein stated. Upon payment of the filing fee, the Clerk is directed to file the Notice of Appeal, *nunc pro tunc,* as of the date it was received, to wit, December 9, 1964, * * *."

In the same order the District Court stated:

"The Court's denial of the Petition for Habeas Corpus was based upon an interpretation of Fay vs. Noia, (1962) [sic] 372 U.S. 391, 435 [83 S.Ct. 822, 9 L.Ed.2d 837], which is accepted by many United States District Judges, namely, that a petitioner has not exhausted his State remedies if he has not applied to the Supreme Court of the United States for certiorari and the time within which he might do so has not expired. A substantial question exists as to whether this is the correct interpretation of the opinion and the law.

"The Court never reached the merits of the petition either on the facts or the issues of law which petitioner claims are presented. The Court therefore has not determined whether a hearing would be required to properly consider the merits. No hearing was necessary to determine whether or not defendant had exhausted his State remedies."

The District Court noted in the order of April 29, 1965, that the appellant had, in addition to the filing of the petition

514

for writ of habeas corpus with the Supreme Court of the State of California, also .filed a petition for writ of habeas corpus with the District Court of Appeal for the State of California, which petition.was denied by that court on March 9, 1965.

The record further reveals that appellant had unsuccessfully petitioned the Superior Court of the State of California in and for the County of Los Angeles for a writ of habeas corpus.

From the foregoing orders of the District Court it clearly appears that the District Court denied appellant's petition for writ of habeas corpus without reaching the .merits thereof, either on issues of law or of fact, and on the sole ground that appellant failed to exhaust all available State remedies as required by 28 U.S.C. § 2254, by failing to petition the Supreme Court of the United States for a Writ of Certiorari.

The District Court was of the view that the teachings of Fay v. Noia, supra, compelled the result reached. We believe that the District Court misinterpreted the rationale of that decision.

■ While the question presented to us on this appeal was not directly involved in *Noia,* the Supreme Court clearly expressed the view that the exhaustion of State remedies doctrine does not require a state prisoner who has exhausted all remedies available in the state of his conviction to petition the Supreme Court of the United States for certiorari before seeking relief in a Federal Court. In this connection the court stated, commencing at page 434, 83 S.Ct. page 847:

"Very little support can be found in the long course of previous decisions by this Court elaborating the rule of exhaustion for the proposition that it was regarded at the time of the revision of the Judicial Code as jurisdictional rather than merely as a rule ordering the state and federal proceedings so as to eliminate unnecesary federal-state friction. There is thus no warrant for attributing to Congress,

in the teeth of the language of § 2254, intent to work a radical innovation in the law of habeas corpus. We hold that § 2254 is limited in its application to failure to exhaust state remedies still open to the habeas applicant at the time he files his application in federal court.[43] * * *.

[43] By thus stating the rule. we do not mean to disturb the settled principles governing its application in cases of presently available state remedies. See e. g., Brown v. Allen, 344 U.S. 443, 447–450 [73 S.Ct. 397, 402–403, 97 L.Ed. 469]."

"Noia timely sought and was denied certiorari here from the adverse decision of the New York Court of Appeals on his *coram nobis* application, and therefore the case does not necessarily draw in question the continued vitality of the holding in Darr v. Burford, supra, [339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761] that a state prisoner must ordinarily seek certiorari in this Court as a precondition of applying for federal habeas corpus. But what we hold today necessarily overrules Darr v. Burford to the extent it may be thought to have barred a state prisoner from federal habeas relief if he had failed timely to seek certiorari in this Court from an adverse state decision. Furthermore, our decision today affects all procedural hurdles to the achievement of swift and imperative justice on habeas corpus, and because the hurdle erected by Darr v. Burford is unjustifiable under the principles we have expressed, even insofar as it may be deemed merely an aspect of the statutory requirement of present exhaustion, that decision in that respect also is hereby overruled.

"The soundness of the decision was questioned from the beginning. See Pollock, Certiorari and Habeas Corpus, 42 J. of Crim.L. 356, 357–358, n. 15, 364 (1951). Section 2254 speaks only of 'remedies available in the courts of the State.' Nevertheless, the Court in Darr v. Burford put a gloss upon these words to include petitioning for certiorari in this Court, which is not the court of any State, among the

remedies that an applicant must exhaust before proceeding in federal habeas corpus.

The record conclusively shows that the appellant exhausted all remedies available in the Courts of the State of California before filing his petition in the District Court. In these circumstances, under the teachings of *Noia*, appellant was not required to seek certiorari in the Supreme Court from the adverse decision of the Supreme Court of the State of California. It follows that the District Court erred in denying appellant's petition without considering, on their merits, the issues of law and fact presented by the petition.

The order of the District Court is vacated and set aside, and the cause remanded to the District Court for such disposition as may be meet and proper in the premises.