**Sammie L. LOVE, Plaintiff-Appellant,**

v.

**STATE OF ALABAMA, Defendant-Appellee.**

No. 26614,
Summary Calendar.

United States Court of Appeals
Fifth Circuit.

May 23, 1969.

Sammie L. Love, pro se.

MacDonald Gallion, Atty. Gen., of Alabama, Walter S. Turner, Asst. Atty. Gen., Montgomery, Ala., for appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

**PER CURIAM:**

This appeal is taken from an order of the district court denying an Alabama prisoner's petition for a writ of habeas corpus without first holding an evidentiary hearing. We affirm.

█ Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I.

Appellant was convicted by a jury of robbery and sentenced to fifteen years imprisonment. The Alabama Court of Appeals affirmed [Love v. State, 44 Ala. App. 85, 203 So.2d 140 (1967)]. Appellant applied for the writ of habeas corpus in the United States District Court, alleging: (1) he had no counsel to advise him of his legal rights prior to or during his interrogation; (2) he was subjected to beatings during his interrogation; (3) he was not permitted to subpoena witnesses on his behalf for his trial; (4) Negroes were systematically barred from the jury; (5) the evidence was insufficient to support a conviction; (6) his trial counsel was inadequate; and (7) he was denied a free transcript by the

state to aid him in presenting his habeas corpus petition.

■ Of these allegations, only those dealing with appellant's interrogation have ever been presented to the state courts in a direct or collateral attack upon the conviction. In the interest of comity, the appellant must first present those other issues to the state courts and exhaust his state remedies before they can be presented to a federal court. Title 28 U.S.C.A. § 2254; Burton v. Alabama, 5 Cir. 1968, 396 F.2d 755; Mathis v. Wainwright, 5 Cir. 1965, 351 F.2d 489, cert. denied 384 U.S. 1009, 86 S.Ct. 1960, 16 L.Ed.2d 1021.

■■ In regard to his interrogation and confession, appellant may not rely upon Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), to gain relief. Appellant's trial was held on June 13, 1966, the same day *Miranda* was announced; the requirements set out in that opinion apply only to trials commenced after the date of that decision. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). Nor may appellant avail himself of Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), since he nowhere alleges that he requested counsel and his request was denied, or that counsel attempted to confer with him and was refused. In fact, the opposite was stated by a witness during appellant's trial.

■ The interrogation itself was found by the state trial and appellate courts, after a thorough exploration of the issue, to conform to the requirements set out in *Escobedo* and the statement given by appellant to the police and introduced into evidence was found to have been voluntarily and willingly given after the proper warnings. The circumstances and events surrounding the statement signed by petitioner were fully developed and resolved by the testimony and evidence at the trial. The appellant has alleged nothing in his petition to overcome the presumption of the correctness of the findings made in the state courts. 28 U.S.C. § 2254(d). Therefore, the judgment of the district court dismissing the appellant's petition for habeas corpus without holding an evidentiary hearing is not shown to have been erroneously entered.

Affirmed.