**Cleophus YOUNG, Petitioner-Appellant,**

v.

**STATE OF ALABAMA, Respondent-Appellee.**

No. 29011

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 12, 1970.

Cleophus Young, pro se.

MacDonald Gallion, Atty. Gen., State of Alabama, Montgomery, Ala., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM.

Petitioner Cleophus Young, an Alabama prison inmate, was convicted of second degree murder by a jury in an Alabama state court and was sentenced to life imprisonment. His conviction was affirmed on direct appeal by the Supreme Court of Alabama. Young v. State, 1969, 283 Ala. 676, 220 So.2d 843. He then filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of Alabama. That court denied relief without an evidentiary hearing, ruling that Young had failed to exhaust his state remedies within the meaning of 28 U.S. C.A. § 2254. Because we conclude that the district court was in error on the issue of exhaustion, we vacate the judgment below and remand for consideration on the merits.[1]

The record clearly shows that the grounds upon which Young seeks federal habeas corpus relief were presented to and considered by the Alabama Supreme Court on direct appeal.[2] Despite this

---

1. Pursuant to Rule 18 of the Rules of this Court, this case has been placed on the Summary Calendar for disposition without oral argument. See Huth v. Southern Pacific Co., 5 Cir. 1969, 417 F.2d 526, Part I; Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I.

2. Instead of stating his grounds for relief on the printed form provided him by the court below, Young incorporated by ref-

fact, the court below dismissed Young's petition, entering the following order:

"Upon consideration of the petition of Cleophus Young for a writ of habeas corpus, it affirmatively appears from the petition itself that petitioner has failed to mount a collateral attack in the state courts. Petitioner is required, by virtue of Title 28, Section 2254, U.S.C., to exhaust his available state remedies before relief can be considered in federal court.

"It is therefore the ORDER, JUDGMENT, and DECREE of this court that this petition for a writ of habeas corpus be and the same is hereby DISMISSED."

■ In requiring a collateral attack in the state courts with regard to issues which had already been presented to the Alabama Supreme Court on direct appeal, the court was clearly in error. Although a literal reading of section 2254 might suggest a different conclusion,[3] it is well established that if a federal habeas corpus petitioner has once presented a claim to the highest court of the state, he has exhausted his state remedies insofar as that claim is concerned; he is not required by section 2254 to

present that claim again in a collateral proceeding in the state courts. Brown v. Allen, 1953, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469; Williams v. Wainwright, 5 Cir. 1969, 410 F.2d 144; United States ex rel. Howard v. Russell, 3 Cir. 1969, 405 F.2d 169; Hill v. Beto, 5 Cir. 1968, 390 F.2d 640, cert. denied, 393 U.S. 1007, 89 S.Ct. 491, 21 L.Ed.2d 472.[4] This rule has been articulated by a district court in this circuit in these words:

"A defendant who has unsuccessfully appealed a state conviction to the state supreme court is not required to seek relief by collateral attack in state habeas corpus proceedings in order to establish exhaustion of state remedies. Section 2254 does not contemplate repetitious applications to state courts. Brown v. Allen, 1953, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469." Brown v. Heyd, E.D.La.1967, 277 F.Supp. 899, 902, aff'd, 5 Cir. 1969, 406 F.2d 346, cert. denied, 396 U.S. 818, 90 S.Ct. 53, 24 L.Ed.2d 69.[5]

Since petitioner Young has already presented his claims to the highest court of the state, he has exhausted his state remedies within the meaning of section

erence pages from his counsel's brief to the Alabama Supreme Court. On the printed form he indicated his desire to present these same grounds in support of his claim for federal habeas corpus relief. Each of these grounds was considered and ruled upon by the Alabama Supreme Court. Young v. State, 1969, 283 Ala. 676, 220 So.2d 843.

3. Section 2254(c) provides:
"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

4. *Accord*, R. Sokol, A Handbook of Federal Habeas Corpus § 22.2 (1965); Lay, Problems of Federal Habeas Corpus Involving State Prisoners, 45 F.R.D. 45, 54–55 (1969); Developments in the Law—Federal Habeas Corpus, 83 Harv.L.Rev. 1038, 1095–1097 (1970).

5. It was once the law that exhaustion of state remedies was not complete upon the presentation of the claim to the highest state court; the filing of a petition for writ of certiorari in the United States Supreme Court was also required. Darr v. Burford, 1950, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761. See Brown v. Allen, 1953, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469. This additional requirement, however, was laid to rest in Fay v. Noia, 1963, 372 U.S. 391, 435–438, 83 S.Ct. 822, 847–849, 9 L.Ed.2d 837, 867–868. "Once relief has been denied in the state courts, it is no longer necessary to seek review in the Supreme Court in order fully to have satisfied the exhaustion requirement." R. Sokol, A Handbook of Federal Habeas Corpus § 22.2, at 116 (1965); *accord*, Hedberg v. Pitchess, 9 Cir. 1966, 362 F.2d 511; Pineda v. Bailey, 5 Cir. 1965, 340 F.2d 162, footnote 1; Curtis v. Boeger, 8 Cir. 1964, 331 F.2d 675, cert. denied, 386 U.S. 914, 87 S.Ct. 857, 17 L.Ed.2d 787.

2254. Further application for review by a state court is unnecessary.[6] Accordingly, the judgment of the district is vacated and the cause is remanded for consideration on the merits.

Vacated and remanded.

---

6. The State disagrees. Although the State concedes that Young raised the issues presented below on direct appeal to the Alabama Supreme Court, it attempts to uphold the judgment below on the ground that "the matter may still be heard on a petition for writ of error coram nobis" in the Alabama state courts. This position is untenable for the reasons given in the text of this opinion. In its brief the State cites only one case, Love v. Alabama, 5 Cir. 1969, 411 F.2d 558. We find nothing in Love, however, to support the State's position.