221 So.2d 919

**Curtis FRANKLIN**

v.

**STATE.**

4 Div. 659.

Court of Appeals of Alabama.

Jan. 7, 1969.

Rehearing Denied Feb. 11, 1969.

Jas. M. Prestwood, Andalusia, for appellant.

MacDonald Gallion, Atty. Gen., and John A. Lockett, Jr., Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Appellant was indicted by the Grand Jury of Covington County, Alabama, for the offense of assault with intent to murder. Upon entering a plea of not guilty he was tried by a jury, found guilty of assault, and sentenced by the court to three months in the county jail. His motion for a new trial being denied, he now appeals.

Briefly, the testimony presented the following facts: that on Saturday, January 14, 1967, one Rex Stokes went to "Curt's Place", an establishment operated by the appellant; that Stokes started a conversation with appellant who was sitting at the counter; that Stokes complained to appellant about beer cans which had been floating down the river near Stokes' fish baskets; that Stokes began cursing appellant and was asked to leave by the appellant; and that Johnny Jeffcoat, who was working

behind the counter for appellant, then asked Stokes to leave. Stokes stated that he would leave but told Jeffcoat to come outside and "me and him would settle it."

Jeffcoat followed Stokes out into the dimly lit parking lot. They were followed by other witnesses and by the appellant. Once in the parking lot someone yelled "look out," a shot was fired from the direction of appellant and Stokes was hit in the leg. Appellant admitted that he fired the pistol at Stokes but stated that he fired at him only after he (Stokes) kept advancing toward him and that he heard Jeffcoat say, "he's got a gun."

Grounds Nos. 7 and 8 in appellant's motion for a new trial were that the court erred in charging the jury that the jury could not fix the punishment of the defendant in the event the jury found him guilty. We note, however, that when the court concluded its oral instructions to the jury, the only exception taken was as follows:

"Now what says the State?

"MR. COOK: Satisfied.

"The defendant?

"MR. PRESTWOOD: The defendant excepts to the Court's oral charge about provocation in its entirety, and to the Court's statement that the jury could look into the included lesser offenses as well as the main offense, or in substance that."

■ For an exception to be taken to the trial court's instructions, or any part thereof, the party so excepting must do so in the presence of the jury and before the jury retires. Ennis v. State, 37 Ala.App. 716, 76 So.2d 183.

■ Exceptions to oral instructions of the court must be taken before the jury retires or they will not be considered. Moates v. State, 40 Ala.App. 234, 115 So.2d 277.

■ As no exception was made to the court's oral instruction that the jury could not fix punishment, prior to the retire-

ment of the jury, there is nothing presented for this court to consider.

■ An exception to the oral instructions to the jury cannot first be raised on motion for a new trial. *Moates*, supra.

■ Appellant's requested written Charge No. 2 was properly refused as it had been substantially given in the court's oral charge to the jury. Code of Ala., 1940, Tit. 7, Sec. 273.

At the commencement of the trial, the following occurred:

"MR. PRESTWOOD: Let the record show that one of the jurors, after being impaneled and after being placed in the box and during a recess, left the courtroom to go down stairs without the knowledge of the Court or the district attorney or the defendant or the defendant's attorney and that the juror came to the bench and very forthrightly acknowledged to the Court that he had violated what he considered a rule, but that he was unaware at the time that he was violating the rule, and stated that he had not talked to anyone while he was out of the courtroom.

"In view of the situation of the juror under the circumstances set forth the defendant moves the Court to discharge the jury and declare a mistrial.

"THE COURT: Overrule.

"MR. PRESTWOOD: And the defendant excepts."

As stated in Lynn v. State, 250 Ala. 384, 34 So.2d 602:

"The prevailing rule in this jurisdiction controlling the question is that 'a separation of the jury, after the trial has been entered upon, and before verdict, creates a cause for reversible error in favor of the defendant, unless the state affirmatively shows that the defendant was not thereby injured.' Payne v. State, 226 Ala. 69, 70, 145 So. 650; Arnett v. State, 225 Ala. 8, 141 So. 699;.

Butler v. State, 72 Ala. 179; Davis v. State, 209 Ala. 409, 96 So. 187; Thompson v. State, 23 Ala.App. 565, 129 So. 297; McElroy v. State, 30 Ala.App. 404, 7 So.2d 508, certiorari denied 242 Ala. 529, 7 So.2d 489; Cobb v. State, 18 Ala. App. 556, 93 So. 225; Melton v. State, 26 Ala.App. 265, 158 So. 196; Redus v. State, 243 Ala. 320, 321, 9 So. [2d] 914; Aylward v. State, 216 Ala. 218, 113 So. 22."

We note from the record that the defense attorney himself stated: "that the juror came to the bench and * * * stated that he had not talked to anyone while he was out of the courtroom." We are of the opinion that the juror's statement that he had not talked with anyone while outside the courtroom was sufficient to establish affirmatively that no improper influences were placed upon the juror so as to influence his verdict. Cash v. State, 43 Ala.App. 390, 191 So.2d 230; Chappelle v. State, 267 Ala. 37, 99 So.2d 431.

Having made a diligent search of the record and finding no reversible error therein, we are of the opinion that the judgment in this cause is due to be and the same is hereby

Affirmed.