223 So.2d 603

**Marvin Glen WADSWORTH**

v.

**STATE.**

**6 Div. 389.**

Court of Appeals of Alabama.

May 27, 1969.

Jas. R. Jenkins, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and John A. Lockett, Jr., Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

This appellant was convicted for the offense of willful or malicious injury to a telephone in violation of Section 415, Title 48, Code 1940.

According to the evidence for the State, the defendant and one Gordon Gilbreath were discovered by police officers in a telephone booth in Birmingham, on November 14, 1966. The glass in the phone booth was broken out and the telephone was damaged. A screw driver and a crowbar were found in the booth.

The tendencies of the defendant's evidence was that he was in an automobile parked nearby at the time Gordon Gilbreath tore up the phone booth; that defendant had been drinking heavily and was "crazy drunk."

The conflict in the testimony presented questions for the jury to determine. The general affirmative charge was properly refused.

Defense counsel argues in brief that various remarks of the trial judge made in the presence of the jury were so improper and prejudicial as to require a reversal, although no objection was interposed to such remarks in the trial court.

The rule is announced in Nichols v. State, 267 Ala. 217, 100 So.2d 750, as follows:

"The general rule is that improper argument of counsel (or improper remarks from the court) is not a ground for a new trial or subject of review or appeal

unless there is due objection by counsel or a motion to exclude, a ruling thereon by the court and an exception thereto, or a refusal of the court to make a ruling. (citing cases)

"An exception to this general rule, requiring appropriate objection or motion invoking corrective instruction or action by the trial court, is where the remark or argument of counsel (or court) is so grossly improper and highly prejudicial to the opposing party as that neither retraction nor rebuke by the trial court would have destroyed its sinister influence."

Counsel relies on the exception to the general rule set forth in *Nichols,* supra.

In the *Nichols* case the question of the propriety of the court's comments was presented by motion for a new trial. No motion for new trial was filed in the instant case, therefore no ruling of the trial court is presented for our review.

The judgment if affirmed.

Affirmed.