247 So.2d 387

**Johnny L. CRONNON, alias**

v.

**STATE.**

**7 Div. 83.**

Court of Criminal Appeals of Alabama.

April 20, 1971.

Roy Wesley Miller, Gadsden, for appellant.

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

PER CURIAM.

The defendant appeals from a conviction for grand larceny with sentence fixed by the court at five years imprisonment in the penitentiary.

The testimony for the state tended to show that Mrs. Josie Lee owned a store building located near Glencoe on the old Anniston Highway in Etowah County. The building had been unoccupied for sometime, but she had two cooling boxes stored there and kept the building locked. On March 2, 1970, the building was broken into and some copper tubing was cut or stripped from the cooling boxes. The copper was valued at $600.00. David East testified that his friend, Amos Lowe, Jr., came to a mill where East was working and told him he had heard noises in the store building as he was passing and the two of them went back to the building and looked into a hole in the back wall of the building and saw two men, the defendant and a Mr. Wilks, passing wire or tubing

down a ladder leading from the basement to the upper part of the building.

The defendant, Cronnon, came out first, when asked to do so, and then Wilks. Defendant was wearing a belt with tools attached like a telephone lineman might wear. He said he was looking for a hunting dog he had lost. David East and Lowe then left to go and get Ted East, the father of David. Ted East testified that when he arrived the defendant and Wilks were gone. Lowe testified that he saw some copper tubing lying in the bushes near the building. Ted East then went into the building and observed that the copper tubing had been stripped out, and he also found a billfold in the store with identification cards bearing the name of the defendant. The billfold was made an exhibit and is before the court.

Mr. Hollingsworth, Chief of Police for the City of Glencoe, was called by Ted East and went to the store building. There he saw the defendant, who told him he was looking for his lost dog. Hollingsworth left to find Ted East. He later arrested defendant after a warrant had been sworn out. The copper tubing was later recovered by Hollingsworth or Ted East.

The defendant did not testify nor did he offer any testimony in his defense.

The court, at the request of the defendant, gave eleven written charges.

Requested charges numbered 1, 8, and 12 were refused.

Charge Number 1 was the affirmative charge and under the testimony offered by the state was properly refused.

Charges 8 and 12 were either covered by the oral charge of the court or the written charges given at the request of the defendant.

█ The indictment charged the defendant with burglary in the second degree and grand larceny. The verdict of guilty of grand larceny has the effect of acquittal of the charge of burglary. Coates v. State; 36 Ala.App. 371, 56 So.2d 383.

█ It is argued in brief for appellant that the court's additional instructions to the jury, given after they had deliberated for sometime and reported they were unable to agree, were coercive in nature. Since no exception was reserved to the court's instructions there is nothing for this court to consider. Franklin v. State, 45 Ala.App. 27, 221 So.2d 919.

█ The denial of the jury's request to visit the scene of the alleged crime was not an abuse of the court's discretion. Townsell v. State, 255 Ala. 495, 52 So.2d 186; Brown v. State, 229 Ala. 58, 155 So. 358.

The court has searched the record and has found no error probably injuriously affecting the substantial rights of the defendant.

The foregoing opinion was prepared by W. J. HARALSON, Supernumerary Circuit Judge, and adopted by the court as its opinion.

Affirmed.