304 So.2d 278

**Wilbert BROADNAX, alias**

v.

**STATE.**

**6 Div. 765.**

Court of Criminal Appeals of Alabama.

Nov. 26, 1974.

———◆———

Chris S. Christ, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and David L. Weathers, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Appellant was convicted of robbery and sentenced to eighteen years in the penitentiary. Prior to arraignment, it was determined that the accused was indigent and counsel was appointed to represent him. He pleaded not guilty. After conviction he sought and obtained a free transcript and trial counsel was appointed to represent him on appeal.

At approximately six p. m. on January 5, 1973, The Dixie Barbecue Stand, Number Two, located on South Park Road, Birmingham, Alabama, was robbed by two black men armed with pistols. The owner of this business had just returned from home with his wife where they had supper with their family. In a couple of minutes after entering the place, the two robbers entered and asked the location of the restroom and a customer pointed to the restroom area. The two men walked back to the men's room and in a few seconds returned with drawn pistols. One of the men went to the front part of the building and the other man, subsequently identified as appellant, stood up on the seat of a booth and said to the owner, "You white —— ——, put your hands up, or I will blow your —— off." He pointed the pistol in the direction of a number of customers sitting on bar stools and in booths and some one in the back said, "They are holding the place up", and appellant said, "Yeah, you white —— —— —— ——, we are holding this —— place up." He then fired his pistol in the ceiling to get everyone's attention and said, "I mean business. This is a holdup. You white —— ——, take all of your money out

of your pockets, and give me all your billfolds, watches and rings." Appellant pulled a brown paper sack out of his pocket and told the waitress to empty the cash register and take the sack and pass it to all the customers for them to put in the sack their money, billfolds, watches, and rings. The waitress opened the cash register and got $400.00 in United States currency and $75.00 in quarters and put it in the sack and she passed the sack to all the customers who dropped everything they had in the sack.

Appellant then told everyone in the place to lie face down on the floor and not move, that if anyone moved they would be killed. Evidently an elderly man had a hearing deficit as he ran into the restroom. Appellant fired a shot over the door to the restroom and told his companion to go into the restroom and drag the man out. The other robber went into the restroom and returned with the man and struck him on the head with his pistol knocking him to the floor. He lay on the floor bleeding. Appellant told them they were leaving and if anyone moved they would be killed. Both robbers left the premises with drawn pistols.

The place where the robbery occurred was well lighted. From the time the robbers entered the place until they left was about ten to fifteen minutes. The owner and a customer testified that during the robbery they got a good look at appellant. He was not disguised in any way. Both of these witnesses saw and identified appellant at his preliminary hearing and they made a positive in-court identification at the trial in chief.

Appellant did not testify in his behalf. His attorney made known to the court out of the presence of the jury that he had several convictions of crimes involving moral turpitude and did not want to admit these previous convictions on cross-examination. He did offer his brother and sister as alibi witnesses. They testified that appellant was at home with them from 5:30

to 7:30 or 8:00 p. m. on the date of the alleged occurrence.

Appellant's trial counsel has filed in this court a "no merit letter" stating that after a thorough and diligent search of the record he was unable to find a reversible error.

There was no motion to exclude the state's evidence; no motion for a new trial; no request for the affirmative charge (or any charges); no exceptions reserved to the court's oral charge, and no adverse rulings on the admission of evidence. In this state of the record there is simply nothing presented for review. Eady v. State, 48 Ala.App. 726, 267 So.2d 516; Davis v. State, 48 Ala.App. 629, 266 So.2d 839.

The record is completely free of error and the judgment of the trial court is affirmed.

Affirmed.

All the Judges concur.