326 So.2d 669

**Worley JAMES, alias**

v.

**STATE.**

**3 Div. 424.**

Court of Criminal Appeals of Alabama.

Feb. 3, 1976.

Crenshaw & Minor, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Gary R. Maxwell, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Appellant was convicted of assault with intent to ravish and sentenced to twenty years in the penitentiary. At arraignment with court-appointed counsel present, he pleaded not guilty. After sentence was imposed, he gave notice of appeal and was furnished a free transcript. New counsel was appointed to represent him on appeal.

The evidence adduced by the State made out an aggravated case of assault with intent to ravish. The victim's testimony was somewhat incoherent and confusing about the time element concerning when the attack occurred but she was certain as to the identity of the man who assaulted her and stated that she had known him approximately twenty-five years. She testified that she lived on Decatur Street in the city and county of Montgomery, Alabama, and that on March 11, 1972, she was walking to her son's house when appellant grabbed her and carried her to his house where he sexually assaulted her orally. We do not deem it necessary to set out the revolting details relative to the perverted acts committed on her by appellant. According to her appellant tore her clothes off and performed unnatural acts on every part of her body. She stated that after the attack, her son carried her to a local hospital where she was treated for injuries to her breasts and numerous bites in and around the area of her vagina. Her injuries were seen and

described by two City detectives who interviewed her at the hospital.

The victim further testified that when appellant had completed the perverted acts on her, he told her, "Don't tell nobody. Somebody done whooped you up, and don't tell nobody. If you put me in jail, I'll kill you."

Appellant testified that he was walking home and came upon a nude woman lying in the street. The woman was badly beaten and appeared to have been thrown from an automobile. That he picked her up and carried her to his home and treated her injuries with Witch Hazel and then went to bed in another room. That the next morning he asked her if she wanted to stay at his home or go to her home. She told him she wanted to go to her home and he carried her home. He denied that he had ever beaten, assaulted, raped or bitten the victim in any manner whatsoever.

On cross-examination appellant denied that he had previously been convicted of carnal knowledge.

On rebuttal the State called the Clerk of the Circuit Court of Montgomery County who testified that according to the judgment records, appellant had been convicted of carnal knowledge and sentenced to death.

The death sentence was commuted and appellant was on parole at the time he was convicted in this case.

The sufficiency of the evidence is not presented to this Court for review. There was no motion to exclude the State's evidence; there was no motion for a new trial. No exceptions were reserved to the oral charge, and there was no request for the affirmative charge. *Eady v. State*, 48 Ala.App. 726, 267 So.2d 516; *Price v. State*, 53 Ala.App. 465, 301 So.2d 230; *Mosley v. State*, 54 Ala.App. 59, 304 So.2d 613; *Broadnax v. State*, 54 Ala.App. 37, 304 So.2d 278.

Appellant claims the trial court committed reversible error in giving the jury the "Allen" or "dynamite" charge after the jury had reported on two occasions that they were unable to reach a verdict and were hopelessly deadlocked.

■ The trial judge told the jury that the case would have to be disposed of by them or another jury and asked them to reconsider their positions and to see if they could reason together and reach a verdict. When the judge completed his supplemental charge, he asked appellant's counsel if he was satisfied with the charge and counsel replied, "Satisfied."

■ This Court and the Supreme Court have repeatedly held that the correctness of the trial court's oral charge cannot be raised for the first time on appeal. *Segers v. State*, 283 Ala. 682, 220 So.2d 848; *Cox v. State*, 280 Ala. 318, 193 So.2d 759; *Lindsay v. State*, 41 Ala.App. 85, 125 So.2d 716; *Snider v. State*, 39 Ala.App. 234, 97 So.2d 163; *Cronnon v. State*, 46 Ala.App. 632, 247 So.2d 387.

In *Cronnon v. State*, supra, this Court said:

"It is argued in brief for appellant that the court's additional instructions to the jury, given after they had deliberated for some time and reported they were unable to agree, were coercive in nature. Since no exception was reserved to the court's instructions there is nothing for this court to consider. *Franklin v. State*, 45 Ala.App. 27, 221 So.2d 919."

■ We have carefully examined the record and have found no reversible error. Accordingly, the judgment of conviction is affirmed.

Affirmed.

All the Judges concur, except CATES, P. J., who concurs in the result.