CLARK, Supernumerary Circuit Judge.
A jury found appellant guilty of murder in the first degree of Freddie Lee Turner and fixed his punishment at imprisonment for life. He was sentenced accordingly.
On Saturday, July 19,1975, a tremendous crowd had gathered at North Birmingham Park. The principal attraction, nominally at least, was barbecue. There was also an abundance of wine, beer, music and money. Several witnesses testified they saw defendant shoot Turner in the stomach with a pistol. Turner died soon thereafter, and there was testimony sufficient to support a finding that his death was the result of the bullet wound. At issue on the trial was whether defendant acted in self-defense. There was some evidence, including testimony of defendant himself, to support such defense. There was ample evidence to support a finding of the jury to the contrary, and that the homicide possessed all the elements of murder in the first degree.
Appellant seeks to predicate error on the action or non-action of the court in four respects: (1) the sustention of the State’s objection to a question asked a witness on cross-examination as to the “general reputation in the community” of the victim of the homicide, (2) alleged failure of the court to take proper action as to alleged improper argument of counsel for the State, (3) a portion of the court’s oral charge as to reasonable doubt, and (4) a statement of the court to the jury, prior to the commencement of the trial, relative to the inconvenience the trial of the case would cause them. We consider the contentions of appellant in the order treated by appellant in his brief.
I
While Sergeant Webb, a witness for the State who had investigated the homicide, was testifying on cross-examination, the following occurred:
“Q Did you know Freddie Lee Turner? “A No sir.
“Q Before this happened?
“A No sir I didn’t.
“Q In investigating this case did you come to know his general reputation in the community?
“MR. JOHNSON: I object to that.
“THE COURT: Sustained.
“MR. ROBERTSON: Except.
“MR. ROBERTSON: That’s all.”
The principle that permits evidence touching on the reputation of the victim of a homicide in a case where there is evidence of self-defense has not been extended to “general reputation” but is limited to reputation as to particular traits variously denominated as traits of “violence,” “turbulence,” “blood-thirstiness” and the like.
“Even though the evidence tends to show that the accused was justified under the right of self-defense, he is not entitled to prove the victim’s bad general reputation as a whole, that is, without restriction to a trait of violence or similar trait, for the purpose of showing that the victim was the aggressor . . .. Anderson v. State, 30 Ala.App. 124, 2 So.2d 461, cert. den. 241 Ala. 381, 2 So.2d 463; Montgomery v. State, 2 Ala.App. 25, 56 So. 92; McKenney v. State, 17 Ala.App. 117, 82 So. 565.” McElroy, Law of Evidence in Alabama, § 33.01(9).
Furthermore, as Judge McElroy declares, one does not qualify as a character witness, that is, a witness as to the reputation of another, by information he has gained in the course of a short-time investí- *28 gation conducted after the occasion as to which an inquiry as to reputation may be appropriate.
“To be qualified to testify to another person’s general reputation in a particular community, the witness to such general reputation must have been a member of that community or have had a reasonably close connection with it. “Knowledge of such reputation acquired by a stranger sent to the community to investigate and learn such general reputation is not sufficient. Sorrelle v. Craig, 9 Ala. 534, 539. Thus, in a charge of murder in Madison County, Alabama, testimony of a non-resident of Fayetteville, Tennessee, as to the general reputation of accused at his home in Fayetteville, Tennessee, learned by such non-resident’s going to Fayetteville and making inquiries of persons residing there, is not admissible. Griffith v. State, 90 Ala. 583, 8 So. 812.” McElroy, Law of Evidence in Alabama, § 26.02(10).
The trial court correctly sustained the State’s objection to the question under consideration.
II
During the closing argument of counsel for the State, the following occurred:
“MR. JOHNSON: If he’s endangered them before then Lord help us after you’ve handed him this and you say this is your license to kill.
“MR. ROBERTSON: Judge I object to that line of argument. That’s highly improper.
“THE COURT: Yes sir.”
No part of the context of quoted argument of counsel for the State is shown by the record. We are at a loss to determine the full meaning of the argument. Furthermore, we are somewhat at a loss to determine what the trial court meant by saying, “Yes sir.”
Neither appellant nor appellee cites any authority by which the issue between them can be resolved. We know of no case substantially on the point. We are unable to say that any injury could have resulted to defendant as a result of the particular argument.
III
At the conclusion of the court’s oral charge, there was a conference among the judge, counsel for the State and counsel for the defendant. Thereafter, the court extended its oral charge by additional statements as to a reasonable doubt. No objection was made or exception taken. Both counsel stated that they were “satisfied.”
Appellant’s complaint as to a portion of the court’s charge on the subject of reasonable doubt comes too late. Oral instructions, to which no objection is made or exception taken, cannot be reviewed on appeal. Allison v. State, 281 Ala. 193, 200 So.2d 653; James v. State, 57 Ala.App. 140, 326 So.2d 669; Vernon v. State, 55 Ala.App. 341, 315 So.2d 137; Morris v. State, 53 Ala.App. 236, 298 So.2d 658; Loggins v. State, 52 Ala.App. 204, 290 So.2d 665.
IV
Appellant complains of a statement by the trial court to the jury before the trial commenced as follows:
“Now, some cases are more inconvenient than others. This will be one that is more inconvenient to you than others would be.”
The statement was part of the trial court’s orientative remarks as to what would be expected of the jury, as a prelude to its announcement that the jury would be kept together at all recesses and would not be allowed to go home until after the end of the case. The remarks were entirely appropriate, we think, and were not harmful to defendant. Furthermore, they furnish no ground for reversal as there was no objection, exception, or any kind of complaint at the time. Gilbreath v. State, 23 Ala.App. 162, 122 So. 309; Wadsworth v. State, 45 Ala.App. 62, 223 So.2d 603.
Our search of the record for any error prejudicial to defendant has been futile. The judgment of the trial court should be affirmed.
*29 The foregoing opinion was prepared by Supernumerary Circuit Judge Leigh M. Clark, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment below is hereby
AFFIRMED.
All the Judges concur.