HARRIS, Presiding Judge.
Appellant was convicted in the Recorder’s Court of the City of Decatur on October 18, 1976, of the crime of assaulting a police officer while he was engaged in the active discharge of his lawful duties. He was fined one hundred dollars and costs.
He appealed this conviction and demanded a jury trial.
Omitting the formal parts the complaint upon which appellant was put to trial, reads:
“Comes now the City of Decatur, a Municipal Corporation, in Morgan County, Alabama, and complains that Jerry Allen Cross within twelve months before the beginning of this prosecution and within the corporate limits of the City of Decatur, Alabama, did commit an assault upon a peace officer or law enforcement officer of this state or a political subdivision thereof while said officer was engaged in the active discharge of his lawful duties contrary to and in violation of Section 19-68, Code of Decatur, Alabama, 1956, duly adopted and ordained by the governing body of the City of Decatur prior to the commission of said offense, a copy of which is hereto attached, marked ‘Exhibit A’, and made a part hereof as if fully and completely set out herein, and Title 14, Section 374(19) of the Code of Alabama, 1940 (Recomp.1958), as last amended, as adopted by the said Section 19-68.”
Section 19-68 reads: “State Misdemeanor adopted,” and provides:
“Any person committing an offense within the corporate limits of the City or its police jurisdiction which is declared by any laws of the State of Alabama, heretofore or hereafter enacted to be a misdemeanor shall, upon conviction, be punished as provided in Section 1-8 of this Code. (Code 1942, Ch. 14, Sec. 1).”
The City ordinance of the City of Decatur was duly proved and admitted into evidence without objection. Appellant was arraigned upon the complaint in the presence of retained counsel and pleaded not guilty.
The evidence presented at trial tended to show that Police, Officers Edward Taylor *406 and Ronald Livingston of the Decatur Police Department, while performing their duties as such officers, received a radio call that a fight was in progress on Vine Street in the City of Decatur. They proceeded to this location and saw two black men fighting and scuffling. They arrested both men. A crowd of seventy to ninety persons gathered and began pushing and shoving the police officers in trying to prevent the officers from putting the arrested men in the patrol car. The officers finally handcuffed the arrestees and put them in the back seat of the patrol car and attempted to leave the vicinity. The crowd surrounded the patrol car to thwart the officers in carrying the arrested men to the jail. Officer Taylor was driving and he was trying to drive from the scene without striking the men who were in the street and blocking the patrol car. Taylor was driving about one mile an hour and his window was down. As he was slowly leaving appellant came to the driver’s side of the patrol car and swung at Officer Taylor through the open window striking the officer on the shoulder. Appellant then grabbed the officer’s arm and pulled it outside the car window. The crowd was shouting at and cursing the officers.
Officer Taylor stopped the patrol car and got out and pursued appellant. The other officer got out to assist Officer Taylor. Appellant resisted and with the help of the crowd appellant escaped from Taylor’s custody, but Taylor finally subdued appellant and he was put in the patrol car of a back-up unit and carried to jail.
When officers Taylor and Livingston returned to their car they found that the crowd had opened the doors and aided the two arrestees to escape and they were never seen again.
Appellant denied that he struck Officer Taylor though he admitted he was present in the milling crowd. He said he saw someone strike the officer but he didn’t know his name. Several other defense witnesses testified they were within a few feet of appellant but did not see him strike the officer.
The sufficiency of the evidence is not presented for review. There was no motion to exclude the State’s evidence; there was no request for the affirmative charge; there was no motion for a new trial, and no exceptions were reserved to the Court’s oral charge. Ala.Dig.Crim.Law «=> 1044.1(1).
The jury had some difficulty in reaching a verdict and returned to the courtroom for further instructions on the law two or three times. On one of these occasions the Foreman of the jury told the Court, “We haven’t settled anything in it, and it seems like we’re not getting anywhere.” The Court gave supplemental charges to the jury on several occasions and appellant made a motion for a mistrial. This motion was overruled.
Appellant contends the trial court charged the jury in a strong and coercive manner during the supplemental instructions and thus forced a verdict in violation of his constitutional rights.
This Court and the Supreme Court of Alabama have approved supplemental instructions on numerous occasions. The last pronouncement of this Court on this issue is Strickland v. State, Ala.Crim.App., 348 So.2d 1105, wherein many cases were reviewed.
In Strickland we held that the trial court did not err in giving the “Allen” charge which encouraged the jury to reach a verdict and which urged the jury to consider time and expense involved in the trial and the taxpayers’ interest in the jury reaching a verdict.
We have carefully reviewed the supplemental instructions and in no wise can it be validly claimed that these instructions were coercive or threatening.
A representative passage from the supplemental charge of the trial court is as follows:
“THE COURT: You ladies and gentlemen have been deliberating this case now for not an interminable time, but for more than is normal, and for this reason I felt that it was necessary to bring you back and call to your attention certain *407 aspects of your responsibilities in this case as in any case.
“No other Jury will have a better opportunity to view this evidence and this testimony than you twelve have. Should you fail to reach a verdict, this matter will have to be reinstated on the docket. Everything you have seen done here in the course of the trial will have to be gone through and done again with twelve more people who I cannot see would be superior to you twelve or in any better position to resolve the issue.
“This defendant is entitled to have the issue of the charge against him resolved one way or the other. This prosecuting authority is entitled to have resolved the issue of whether or not the sanctity of its ordinances have been breached one way or the other. The poorest result that can ever come out of a trial is no result at all. There is considerable expense involved to everybody concerned, so I am going to ask you — I don’t know how you stand. I don’t want to know how you stand. But I want each of you individually to reevaluate the position that you have taken in deliberations, and I want you to recall— and I want to reiterate the oath that you took at the outset, which was to well and truly try this case on the law and the evidence and a true verdict render, and you asked the blessings of God Almighty to help you do that. I want you to be sure in your mind and heart that you are not in disagreement with your fellow jurors for any other purpose than a proper and lawful one under that oath. With that I am going to let you return to your deliberation room with your bailiff.”
Finally, appellant claims that the trial court was without authority to impose a six month sentence on appellant in view of the fine he received in the Recorder’s Court. We do not agree.
In Guin v. City of Tuscaloosa, 21 Ala.App. 61, 106 So. 64, certiorari denied, 213 Ala. 686, 106 So. 67, the Court held that a “trial de novo” means that the Circuit Court “assumes control of the case afresh or anew with all the powers, privileges, duties, responsibilities, and authority that was vested' by law in the recorder while the case was pending in said Recorder’s Court.” A trial de novo means that the slate is wiped clean and a trial in the Circuit Court is had without any consideration being given to prior proceedings in another Court.
When a case is appealed to the Circuit Court for trial de novo the judgment in the Recorder’s Court is only a step toward the jurisdiction of the Circuit Court and such judgment is of no effect if the Circuit Court makes final disposition of the case. Anthony v. City of Birmingham, 240 Ala. 167, 198 So. 449.
The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.