Appellant was convicted of sodomy and was sentenced to eight years in the penitentiary. At arraignment, in the presence of his counsel, he pleaded not guilty and not guilty by reason of insanity. After sentence was imposed he gave notice of appeal. He is in this court with a free transcript and trial counsel was appointed to represent him on this appeal.
Both the victim and the accused were incarcerated in the Prattville City Jail on July 2, 1977, on charges of public drunkenness. The victim was white and about seventy years of age. The accused was black and twenty-nine years of age, weighing about 200 pounds. The victim was placed in the jail around 4:30 p.m. and the accused was incarcerated later in the afternoon. They were the only two prisoners in jail that afternoon.
The victim testified that all the cell doors in the jail were open when he was placed in jail. He stated that he was grabbed from behind and thrown on a bed in a cell by the defendant; that the defendant choked him so that he could not yell and twisted his arm, rendering him helpless. Defendant removed his pants and underwear while still choking him and twisting his arm and then forcibly raped him. The victim further stated that the defendant penetrated him with his private parts and stated that he would kill him if he told anyone.
It is not disputed that the victim went to the Prattville General Hospital and was seen and examined by a doctor. He was referred to the Jackson Hospital and Clinic in Montgomery where he was seen by another doctor. The State offered to introduce these two reports into evidence. Appellant objected on the ground he wanted the doctors present for cross-examination. The State informed the court that both doctors were in military service and were not available. The court sustained the objection and the two medical reports were marked for identification but were not admitted into evidence.
The investigating officers learned that the victim had gone to the Prattville General Hospital with a complaint that he had been raped on July 2, 1977, while in the Prattville City Jail. In furtherance of their investigation they arrested appellant on July 4, 1977. At the time they arrested him he had been drinking intoxicating beverages but was not drunk. He was given the Miranda rights and warnings and told the officers he understood his rights. He signed a waiver of rights form at 12:00 noon on July 4, 1977. He was not questioned about the alleged rape complaint until about two hours later, as the investigating officer was busy on other calls.
At 2:25 p.m. on July 4, 1977, appellant was again given theMiranda rights and warnings and said he understood his rights.
A voir dire examination was conducted out of the presence and hearing of the jury as to the voluntary character of both the waiver of rights form and a signed statement made by appellant. At this hearing it was shown that no threats, promises, rewards *Page 560 
or other inducements were made to appellant to get him to make a statement or to sign the waiver of rights form. At the conclusion of this hearing the court ruled that appellant knowingly, intelligently, and voluntarily executed the waiver of rights form and that he knowingly, intelligently, and voluntarily made the confessory statement.
Back before the jury the State laid the proper predicates for both the waiver form and the confessory statement and these two documents were introduced into evidence.
Appellant took the stand in his behalf and denied that he had raped or otherwise molested the victim. He repudiated his confession that he had anal intercourse with the victim which "lasted five to ten minutes and that he felt sorry for the old man and left him alone. I told the old man if he told anyone, I would kill him."
We do not deem it wise to set out in full the confessory statement of appellant as it is replete and interlaced with four letter words and offensive language.
Appellant contends the State failed to prove the corpus delicti of the crime of sodomy. We do not agree. The testimony of an unwilling victim of a crime of this nature is sufficient to make out the corpus delicti and sustain the conviction.Rudolph v. State, Ala.Cr.App., 355 So.2d 739; Stevens v. State, Ala.Cr.App., 333 So.2d 852; LaBryer v. State, 45 Ala. App. 33,222 So.2d 361.
Appellant next contends that his confession was not voluntary due to intoxication at the time he made it. The interrogating officers testified that appellant was under the influence of intoxicating beverages at the time he was arrested but that he was not drunk at the time he signed the confessory statement.
The law is well settled that intoxication short of mania or such an impairment of the will and mind as to make a person confessing unconscious of the meaning of his words, will not render a confession inadmissible. The existence of intoxication which would affect the voluntariness of a confession is primarily a question of fact which is first addressed to the trial judge to determine the admissibility and later to the jury for whatever consideration it may deem appropriate.Patterson v. State, 56 Ala. App. 359, 321 So.2d 698; Balentinev. State, Ala.Cr.App., 339 So.2d 1063.
Where evidence of circumstances surrounding confession is conflicting on voir dire, the trial judge must decide on its admissibility and then, if the confession is admitted, controverted testimony for the defendant goes to the jury on its credibility. Godfrey v. State, Ala.Cr.App., 333 So.2d 182;Taylor v. State, Ala.Cr.App., 337 So.2d 1368.
A finding by the trial judge as to the voluntariness of the confession, following a hearing outside the presence of the jury, will not be disturbed on appeal unless it is contrary to the great weight of the evidence and manifestly wrong.Patterson, supra, Balentine, supra.
Appellant bitterly complains that the trial court erred to a reversible error in his supplemental instructions to the jury. The short answer to this complaint is that appellant did not reserve an exception to the supplemental charge to the jury.James v. State, Ala.Cr.App., 57 Ala. App. 140, 326 So.2d 669;Coleman v. State, Ala.Cr.App., 332 So.2d 746.
Notwithstanding that appellant failed to reserve an exception to the supplemental charge, we do not find any fault in the charge as given. The Supreme Court and this court have held on numerous occasions that the "Allen" or "dynamite" charge is not error unless it is threatening or coercive in the language used. Ashford v. McKee, 183 Ala. 620, 62 So. 879; Cross v. Cityof Decatur, Ala.Cr.App., 355 So.2d 405; Strickland v. State, Ala.Cr.App., 348 So.2d 1105, certiorari denied, Ala.,348 So.2d 1113.
We hold the supplemental charge was not threatening or coercive in any sense of the word.
Finally, appellant contends that the trial court erred in sustaining the State's *Page 561 
objection to his closing argument to the effect that the victim's motive in charging him with sodomy had reference to a civil suit the victim might bring against the City of Prattville. The filing of a civil action against the City of Prattville is dehors the record and there was no error in sustaining the State's objection to such argument.
We have carefully examined the record for errors injuriously affecting the substantial rights of appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.