BOWEN W. SIMMONS, Retired Circuit Judge.
Indictment for murder in the first degree, conviction for murder in the second degree with punishment at sixty years. Appellant is an indigent with free transcript and appointed counsel.
The homicide took place at the home of deceased. As we view the record the victim and appellant were married, but there was some unhappiness in their marital relationship. He came home at 10:00 o’clock in the morning and an argument ensued over this late arrival. He pulled a pistol which was fired and a fatal bullet penetrated the body of the wife and death followed soon thereafter.
The state contended the defendant deliberately fired the pistol at her, while he contended that he was twirling the pistol on his finger or hand and in so doing the pistol fired. There was evidence that the pistol had a hard trigger, making it difficult for the trigger to be pulled by such finger procedure. As to whether defendant deliberately or accidentally fired the bullet into the body of the victim was an issue of fact for the jury.
I
The record indicates that the trial judge allowed the jury to separate. Appellant contends that such separation was contrary to law and that the judgment should be reversed.
There might be some merit in this contention had there been an objection to the separation or a motion for a new trial which asserted such error. There was neither. We will not disturb the judgment because of this separation. Turner v. State, 54 Ala.App. 467, 309 So.2d 503(5).
II
A second assertion of error is that the trial court erred in allowing the introduction of the statement of rights and confession of defendant over his objection.
*10 We have read the record and conclude therefrom that there was no error in the admission of the alleged inculpatory statement. The defendant in his statement admits that his wife was shot with a pistol in his possession, but that it was accidentally fired while he was waving it around just to scare her and that he must have had his finger on the trigger and the gun went off and a bullet hit his wife.
We find ample evidence both in the in camera hearing and before the jury that the inculpatory statement was given after the Miranda warnings were given (Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694); also that the statement was voluntary and free of any threats or inducements by any one that induced the statement. Bass v. State, 55 Ala.App. 5, 312 So.2d 576(5)(6).
Ill
Appellant asserts prejudice arising from oral argument of the state’s counsel.
Counsel for appellant ■ objected to the state’s argument.
“Here you have a husband (Defendant) who is separated from his wife (victim) and a wife (victim) who is pregnant.” (R. p. 156)
Louise Walters, sister of deceased, testified (tr. 83) that she had been at her sister’s home for about a week before the shooting; that defendant, who was married to her sister, had come to her sister’s house one night (tr. 84) while she was there, and that was the only time she saw him there. We think the jury could infer from the evidence that they were separated. Horton v. State, 56 Ala.App. 548, 323 So.2d 731(5).
The State Toxicologist testified that the victim was pregnant, (tr. 103)
Another contention of error is that there was prejudicial error in the State’s argument as follows (tr. 159-60):
“And then the defendant, who is hiding in the bushes, hears the police officer come up and when they ask him if she is dead, he says she is not”.
As we recall the evidence appellant was not at the scene of the shooting when Officer Earnest Tate arrived. Officer Tate testified that after leaving the scene, he came back in about forty-five minutes, he came back from the Medical Center, and began looking for defendant (tr. 45) and later found him. After making inquiry, defendant came out from behind the house (tr. 48).
While it might not have been literally true that he was “hiding in the bushes”, we think there was no prejudicial error in the argument. Counsel in a criminal proceeding is allowed much latitude in commenting on the evidence. Horton v. State, supra.
We see no error committed by the court in overruling defendant’s objection to argument. (tr. 161)
“And out in the graveyard is the eighteen year old mother and her unborn child”.
The victim and her unborn child were buried, or at least an inference could be drawn that they were.
So far as we observe the case was well tried and free of prejudicial error. We affirm.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All Judges concur.