BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant was indicted, tried and convicted of transporting five gallons or more of prohibited liquors in Winston County — a dry county. The offense was a felony. The Court sentenced him to five years imprisonment. Judgment followed and this appeal therefrom sans attorney for him at this level. No indigency was involved.
We have searched the record for error consonant with our statutory duty. Title 15, § 389, Recompiled Code 1958. We find an error which necessitates remand. We pretermit discussing other rulings.
It appears in the record that the trial court let the jury disperse and separate for the remainder of the day and for the night, with instructions to be back at 9:00 A.M. The record fails to show any consent by appellant or his attorney. There was no objection by appellant to such separation. Neither was consent asked.
 At the time of separation the jury had been selected, impaneled and sworn. At this stage of the proceeding such separation, under the circumstances, was not permissible. Once sworn the jury should have been kept together. Turner v. State, 54 Ala.App. 467, 309 So.2d 503, and pertinent cases cited therein. It was not necessary to object at that time. To have objected could have placed the defendant in an awkward position before the jury.
However, appellant did invoke a ruling of the Court in his motion for a new trial. Ground IV reads:
*867 “The Court erred in allowing the Jury to separate in this case contrary to law and in violation of Defendant’s basic Con-, stitutional rights.”
This Motion was denied on August 4, 1977.
It does not appear that the State offered any evidence to refute error. If the jury separates, such fact is a prima facie presumption of error. The State has the onus of establishing that the separated jurors were not subject to influence or contacts which might have swayed them in reaching the verdict. Lee v. State, 47 Ala. App. 548, 258 So.2d 743.
We note the Court’s instructions to the jury after some evidence had been taken. We quote:
“THE COURT: (To jury) We will take our noon recess at this time. During the lunch break don’t discuss the case among yourselves and don’t let anyone talk to you about it. Please be back in your seats in the jury box in one our (sic) and ten minutes.
“11:50, A.M. Court recesses for lunch.”
There is no indication that the jury was in charge of a bailiff or other Court officers during the lunch hour, or that they were being kept together. We think the instructions indicate that the jurors were again allowed to separate.
However, we will not reverse at this time, but we remand for an evidentiary hearing on Ground IV of the Motion for a new trial. At such hearing the State may summon each petit juror sitting in judgment on the case to determine his or her contacts, if any, with outsiders during such periods of separation.
The trial court will report its findings in writing to this Court forthwith, together with a certified transcript of the evidence adduced at such hearing. The hearing shall be held without undue delay.
It is to be noted that all the jurors should be examined as to their contacts, if any, with outsiders relative to the case, and if any juror is not available such absence should be noted in the transcript of the supplemental record to be sent to this Court.
The Court is directed to cause timely written notice to issue to appellant-defendant or his attorney of the place, date and hour of the hearing, to the end that defendant may be present with his witnesses if he so desires. Attendance process shall issue to the jurors and witnesses and served in the manner provided by law. Likewise, notice of the hearing shall be served on defendant or his attorney.
The cause is remanded for compliance with the directions, supra.
The foregoing opinion was prepared by the Honorable Bowen W. Simmons, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
REMANDED WITH DIRECTIONS.
All the Judges concur.
On Return to Remand
In accordance with the request of this court to determine whether or not the jurors, while separated contrary to law, had any contacts with persons that influenced their verdict, the trial court made a return.
We have reviewed the evidence of each of the twelve jurors who found the defendant guilty.
We find that the return shows that no such contacts were made and that the juror’s verdict was based exclusively on the evidence.
The judgment of guilt is affirmed.
The foregoing was prepared by the Honorable Bowen W. Simmons, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.